Park and others vs. Richardson & Boynton Co.

PARK and others, Respondents, vs. RICHARDSON & BOYNTON Co., Appellant.

*February 6 — February 23, 1892.*

*Sale of chattels: Breach of warranty: Alternative remedies: Election: Damages: Waiver.*

1. Defendant sold a furnace to plaintiffs, guarantying that it would work satisfactorily, and promising that if it did not they would substitute a new one that would do the work, or would remove the furnace and refund the money paid for it, as might be agreed. *Held*, that if the furnace proved substantially defective the plaintiffs had two remedies, either (1) to notify the defendant and demand its removal, and, in case of the failure to furnish a new furnace, to bring an action to recover the purchase price, or (2), waiving the right to have it removed, to bring an action for the breach of warranty.

2. But these remedies cannot both be prosecuted at once; and in an action in which the complaint was broad enough to cover both

causes of action it was error to instruct the jury that plaintiffs might recover the purchase price and also other damages for the breach of warranty.

3. Plaintiffs, in such case, should be required to elect upon which cause of action they will rely.

4. Keeping and paying for the property warranted is not a waiver of the right of action for damages for breach of the warranty.

APPEAL from the Circuit Court for *Oneida* County.

Action to recover damages for alleged defects and insufficiencies in a furnace sold by appellant to respondents in the fall of 1885, and put into respondents' store building in Merrill, with necessary pipes and registers. The appellant's proposal, which was accepted by respondents and forms the contract of sale, contained the following clause: "Should this proposal be accepted, and the terms of payment be fully complied with, we will guaranty the said furnace to work satisfactorily (if properly used); otherwise, we will substitute a size that will do the work, or we will remove said furnace and refund the amount paid for same, as may be agreed." The purchase price of the furnace was $242.50, which was fully paid on or about April 1, 1886. Numerous defects in construction and material were set forth in the complaint, by which it was alleged that the furnace was worthless; that the building had been damaged by smoke, and large expenses incurred for repairs; and the damages were laid at $400. The answer, admitting the sale of the furnace, alleges that the plaintiffs failed to erect a proper chimney, and for that reason the furnace smoked, and that the plaintiffs broke and injured it by careless and improper use.

Upon the trial it appeared that the furnace was used for four winters to heat the building, beginning in the fall of 1885; that complaints were made of its smoking early in 1886; that a crack appeared in the top in 1887, and that in July or August, 1887, the plaintiffs asked the defendant to take it out and put in a new furnace, which defendant

refused to do, claiming that the crack was caused by improper usage; that afterwards plaintiffs repaired the furnace from time to time, and continued to use it till the summer of 1889, when they made another demand that a new furnace be put in, and afterwards commenced this action. Much conflicting evidence was given as to the working of the furnace and the causes of the alleged defects and insufficiencies, which is not necessary to be stated. The jury found a verdict for plaintiffs for $242.50, with interest from March 30, 1886, and from judgment thereon defendant appeals.

For the appellant there were briefs by *Bardeen, Mylrea & Marchetti*, attorneys, and *Silverthorn, Hurley, Ryan & Jones*, of counsel, and oral argument by *W. H. Mylrea*.

For the respondents there was a brief by *Alban & Barnes*, and oral argument by *John Barnes*.

WINSLOW, J. Under the contract of sale of the furnace the plaintiffs undoubtedly had two remedies in case the furnace proved substantially defective, either of which they might pursue:

*First.* They might, within a reasonable time after they had discovered the defect, notify the defendant that it was unsatisfactory, and demand its removal, in which event it would become the defendant's duty, under its contract, either to furnish a new furnace or remove the old one and refund the purchase money; and upon failure to do either within a reasonable time the plaintiffs would have an action to recover the purchase money, as provided by the terms of the contract. This action is in the nature of an action for rescission, though differing from an ordinary rescission because it is expressly provided for by the contract itself, and consequently governed thereby. It is apparent that in this case the damages would, under the terms of the contract, be the purchase money paid, with interest.

VOL. 81 — 26

*Second.* Plaintiffs might waive their contract right to have the furnace removed, and bring an action to recover damages for breach of the warranty, in which action their damages would consist of the difference between the value of the furnace as it actually was, and its value had it conformed to the warranty, together with any other legitimate and direct loss resulting from its defects. These remedies are necessarily alternative, not concurrent. They cannot both be prosecuted at once.

In this action the complaint seems to be broad enough to justify proof under either of the above theories. In fact it is impossible to say with certainty upon which basis the pleader intended to place the action. The trial seems also to have been in a somewhat similar state of confusion. The circuit judge charged the jury, on the question of damages, as follows: " You will remember that the purchase price of this furnace and apparatus was $242.46. If you find that the furnace was insufficient, did not comply with the terms of the warranty, and was practically valueless, in assessing damages you will find the full amount of the purchase price, with seven per cent. interest from the time the same was paid by the plaintiffs to the defendant. You may also assess any other sum established by the plaintiffs, which has grown out of any alleged breach of contract, provided you find that such breach of contract existed." This was certainly error, because it blends two distinct rules of damages, one of which is applicable to the action for rescission, and the other to the action for breach of warranty. If the action be one to rescind the sale and recover back the purchase money under the provisions of the contract of sale, then the latter part of the instruction should not have been given. If, on the other hand, the action is to recover damages for breach of the warranty, the first clause of the instruction is erroneous, because the evidence is perfectly clear and conclusive that the furnace was of some value,

Park and others vs. Richardson & Boynton Co.

and the proper rule would be the difference between its actual value and its value had it conformed with the warranty. In either view of the case, therefore, the charge is erroneous, and a new trial must be had. The verdict being a general one, the court cannot say with any certainty of what elements the damages awarded by the jury were composed. Upon the new trial the plaintiffs should indicate or elect upon which cause of action they rely, in order that the confusion which prevailed on the first trial may not again exist.

Appellant strenuously contended that if the action be for rescission and return of purchase money the jury should have been instructed that the plaintiffs must exercise their option to rescind within a reasonable time after discovery of the defects, or they will forfeit the right. While this is undoubtedly true as a principle of law, there does not appear to have been any instruction asked or exception taken upon the trial which will raise that question in this court. Neither is the question whether the plaintiffs waived their right to insist on a rescission of the sale by using the furnace after giving notice to defendant of its defects properly raised by any exception in the record. An instruction was asked, substantially, that if plaintiffs, after testing the furnace a reasonable time, accepted it and paid for it with knowledge of its defects, without protest, they waived their right to recover damages arising from breach of warranty. It is evident that this instruction does not reach either of the points now made. It was framed on the hypothesis that this action was brought to recover damages for a breach of warranty, and was properly refused, because there is no waiver of the right of action for damages for breach of a warranty by keeping and paying for the property warranted.

*By the Court.*— Judgment of the circuit court reversed, and action remanded for a new trial.