WALTER A. WOOD MOWING & REAPING MACHINE COMPANY, Appellant, vs. CALVERT, Respondent.

*February 9 — March 5, 1895.*

*Sale of chattels: Warranty: Acceptance: Waiver of right to return: Instructions to jury.*

1. In an action upon a note given in payment for a harvester which defendant claimed that he had offered to return, as he had a right to do, because it did not do good work, the instructions as to what use or retention of the machine would constitute an acceptance thereof and a waiver of the right to return it are *held* to have correctly submitted the issue to the jury, so that the omission to give other or more specific instructions was not error in the absence of a request therefor.

2. Repeated use of such a machine, if in fact but a series of trials during which an expert was endeavoring on behalf of the vendor to ascertain and correct the defects therein, would not be an acceptance.

APPEAL from a judgment of the circuit court for La Fayette county: GEO. CLEMENTSON, Circuit Judge. *Affirmed.*

Action upon a promissory note for $135. The note was given in payment for a harvesting machine which defendant ordered and received in July, 1889, the same being sold under a warranty to be well made and to do good work. The machine did not work to the satisfaction of the defendant in the harvest of 1889, and he desired to return it, but was persuaded by plaintiff's agent to give his note for it (being the note in suit), December 3, 1889, the agent at the same time giving him the following written agreement:

"BENTON, Dec. 3d, 1889.

"In consideration of the note given this day by *W. H. Calvert* for one harvester, binder, and transport, said to have caused trouble by missing bundles, choking, and side draught, that upon *Mr. Calvert* giving us notice we will .send a competent man, free of charge, to put the machine

Walter A. Wood Mowing & Reaping Machine Co. vs. Calvert.

in good working order.   If this machine should fail to then do good work, we hereby agree to allow *Mr. Calvert* to return said machine to us free of charge, and we will return said note or cash paid.

" Walter A. Wood, Pres.

" Pr. C. S. Wilder, Gen. Agt.

" P. S.   In connection with the above, we agree to put in the parts or improvements necessary to make this machine do satisfactory work, and as many of the 1890 improvements as can be put on without changing the general construction of the machine.                    C. S. Wilder."

The defendant claimed that, upon trial of the machine during the harvest of 1890, it did not do good work, notwithstanding the efforts of the plaintiff's expert to put it in order, and that thereupon the defendant offered to return it, but the plaintiff's agent refused to receive it.   On the other hand, the plaintiff claimed that the machine in fact did good work, and that if it did not the defendant retained and used it after knowing all the facts, and thus lost the right to return it.   Upon the trial the testimony was chiefly directed to these issues.

The fact was undisputed that the machine was used by the defendant on several different days during the harvest of 1890, and that quite a number of acres of grain were cut with it.   The defendant's evidence tended to show, however, that its work was unsatisfactory at all times, and that the plaintiff's expert, one Lightcap, was present and promised and attempted to put it in order at each unsuccessful trial, so that the use of the machine constituted in fact but a series of trials, under promise that the machine should be made to work satisfactorily.   There was also evidence to the effect that within two or three days after the last trial the defendant offered to return the machine to one Jeffery, an agent of the plaintiff, but that he refused to receive it and told the defendant to keep it until the general agent

came around; whereupon the defendant stored the machine under a shed. On the other hand, the plaintiff's evidence tended to show that Lightcap made all the adjustments and changes in the machine which were necessary, and that it did good work, and, further, that it was used by the defendant to cut grain several times after Lightcap had left. The offer to return was also denied by the plaintiff's agent.

The court charged the jury, in substance, that if the machine did reasonably good work after it was adjusted by Lightcap the plaintiff was entitled to recover; and that if it did not do good and reasonably satisfactory work the defendant had the right to refuse to accept it, and it was then his duty to return the machine, and he would be entitled to have his note returned to him. The court then gave the following instructions, each of which was excepted to by the plaintiff:

"If, under this contract of December 3d, you find the defendant had the right to return the machine, and he did reasonably offer to return it to the plaintiff's agent, and the agent refused to accept it, such refusal would dispense with the actual return of the machine, if the defendant thereafter retained the machine, not as his own, but as the plaintiff's and subject to the plaintiff's order.

"If after Mr. Lightcap worked upon the machine it did not do good and satisfactory work, and thereupon the defendant offered to return the machine to the plaintiff's agent, and he refused to receive it, and since then the defendant has held the machine as the machine of the plaintiff and subject to its order, the plaintiff is not entitled to recover upon this note, and your verdict should be for the defendant.

"Though, after Mr. Lightcap had worked upon the machine, it did not do as good work as the contract of December 3d provided it should, the defendant could accept the machine and thereupon become liable upon this note; and if, after Mr. Lightcap finished working upon the machine,

the machine it was found did not do the good and satisfactory work the contract called for, and the defendant knew or ought *then to have known that this machine would not do good and satisfactory work and could not be made to do such work by the expert the company had sent,* yet the defendant nevertheless went on using the machine until his harvest was completed, the law would consider this an acceptance of the machine, and the defendant would be liable to pay the note sued on."

The jury returned a verdict for the defendant, and from judgment thereon plaintiff appealed.

*T. L. Cleary,* for the appellant, contended, *inter alia,* that it was the duty of the court to instruct the jury that, after the defendant learned that the machine did not do good work, his continued use of it through the harvest constituted an acceptance. *Boothby v. Scales,* 27 Wis. 626; *Paige v. McMillan,* 41 id. 337; *Gammon v. Abrams,* 53 id. 323; *Warder v. Fisher,* 48 id. 338; *First Nat. Bank v. Larsen,* 60 id. 217; *Palmer v. Banfield,* 86 id. 441; Benjamin, Sales, §§ 669, 703, 705. The use of the machine after it was repaired, although still finding fault with it, amounted to an acceptance. *Spencer v. Hale,* 30 Vt. 314, 73 Am. Dec. 309; *Brown v. Foster,* 108 N. Y. 387; *Sleeper v. Wood,* 9 C. C. A. 289, 60 Fed. Rep. 888; *Clark v. William Deering & Co.* 29 Neb. 293; *Paulson v. D. M. Osborne & Co.* 35 Minn. 90; *King v. Towsley,* 64 Iowa, 75.

For the respondent there was a brief by *Orton & Osborn,* and oral argument by *P. A. Orton.*

WINSLOW, J. The issues in this case seem to us to have been fairly tried and correctly submitted to the jury. The jury were told, in substance, that if the machine did reasonably good work the plaintiff was entitled to recover; that if it did not do such work the defendant was entitled to return it; that if he reasonably offered to return it, and

the agent refused to accept it, the actual return would be thereby dispensed with, and that subsequent retention of the machine, subject to plaintiff's order, would not defeat the defendant's right to a verdict; that if the machine did not do good work, still the defendant could accept it and become liable on his note; that if, after Lightcap finished working on the machine, it did not do good work, and defendant knew or ought to have known that it would not do good work and could not be made to do such work, still, if he went on using it until his harvest was complete, this would be an acceptance of the machine; and, further, that if the defendant did not return, or offer to return, the machine, he is now liable on the note. All of these propositions are sound law, and they are applicable to the testimony produced in the case.

It is said that an instruction such as that approved by this court in *Palmer v. Banfield*, 86 Wis. 441, should have been given. That was a case quite similar in its facts to the present, and the court told the jury, in substance, that if the defendant ascertained on Friday that the machine did not do good work, and used it on Saturday, not to test it further, but merely to complete the cutting of his grain and without expectation that plaintiff's agent would come and make the machine satisfactory to him, such use would be an acceptance of the machine. It seems quite probable that a similar instruction would have been applicable to this case, but no such instruction was requested, and the rule is that, when the court has correctly charged the jury on the main questions involved, if counsel desire additional or more specific instructions they must request them to be given or the omission cannot be alleged as error. *Austin v. Moe*, 68 Wis. 458.

It cannot be said in this case that the evidence shows, as matter of law, that the defendant used the machine to such an extent after Lightcap attempted to adjust it, or kept it

so long without. offer to return, that his right to return is lost. The evidence tends to show that the repeated use of the machine was in fact but a series of trials, during which Lightcap was endeavoring to ascertain the defects and correct them. Clearly, while such trials were going on, the use of the machine would not be an acceptance.

We find no error in the record.

*By the Court.*— Judgment affirmed.