A. Hensen, Appellant, v. W. W. Beebe.

**Sale:** ACCEPTANCE. One to whom a corn harvester was delivered on a contract that if it worked well he should keep it, and pay for it, accepts it by loaning it to another for use, and such other person using it, without the knowledge or consent of the seller.

**Breach of Contract:** DAMAGES: *Instructions.* Where the owner of waterworks used them for two years after their construction for him by a contractor, without any effort to remedy the defects therein, which were such as could have been readily remedied at moderate expense by moderate efforts, the court should, in an action for damages for such defects, have instructed as to what is meant by reasonable time, and that two years was more than a reasonable time in which to remedy the defects; and, though the instruction given correctly stated the law so far as it went, and no further instruction was asked, it was prejudicial, the jury being at liberty under it to allow damages for the entire two years.

SAME. Though there are defects in waterworks which a contractor has constructed, yet, they being such as not to render the works valueless, but such as might be readily remedied at a moderate expense by moderate efforts, he is not liable for damages occurring therefrom after the owner had reasonable time in which to remedy them.

*Appeal from O'Brien District Court.*—Hon. George W. Wakefield, Judge.

Monday, May 21, 1900.

Plaintiff's petition is in three counts: The first, to recover ninety dollars and thirty-five cents balance for goods sold and delivered; the second, to recover a balance of ten dollars on a contract for putting in waterworks, and six dollars for repairing the same; and the third, to recover one hundred and thirty dollars for a corn harvester sold and delivered. The defendant answered, admitting seventy-one

dollars and five cents of the first count. Answering the second, he admits that he and plaintiff contracted that plaintiff should put in a system of waterworks for two hundred and ten dollars, that plaintiff attempted to do so, and alleges that the works were worthless for the purposes intended, because of certain defects specified. He denies that plaintiff made any repairs on said works subsequent to the erection thereof. To the third count he says the contract was that he should take the corn harvester, and if it worked well, he was to keep it, and pay one hundred and thirty dollars, and if it did not work well he would not buy it; that it did not work well; that he returned it to the plaintiff; that plaintiff refused to receive it, and that defendant placed it in a shed, subject to plaintiff's order, and so notified him. By way of counterclaim the defendant alleges that said waterworks were so constructed as to be wholly worthless as such, and so as to cause him damages. He alleges that the supply tank placed in his barn leaked, and injured his barn and grain; that plaintiff neglected to remove shavings and other accumulations from the tank before turning water therein, and failed to put the proper strainer into the tank, by reason of which the pipes became choked, and the hydrants stopped, so that water would not flow therein as it should; that one of the hydrants was not provided with a check and waste so as to empty the pipes when the supply pipe was closed, and that by reason thereof, and of the choking of the pipes, the hydrants froze, requiring time and labor to thaw them out. He also charges that the regulator furnished was worthless, wherefore defendant was required to expend time and labor in going to and from the mill to stop and start the same, to his damage. He also asked to recover for time and the use of a team in having the bands and hoops on the supply tank cut and replaced at the request of the plaintiff. The plaintiff, in reply, denies the counterclaim, and, on trial had, a verdict was returned in favor of the defendant for one hundred and

sixty-five dollars, together with certain special findings. Judgment was rendered on the verdict, and plaintiff appeals.—*Reversed.*

*E. C. Herrick* and *G. E. Jones* for appellant.

No appearance for appellee.

GIVEN, J.—I.   It is obvious from the evidence that the defects alleged did not render the works valueless, and that they were such as might have been readily remedied at a moderate expense by ordinary efforts.   In *Beymer v. McBride,* 37 Iowa, 118, it is said: "It is a general principle of law in cases of a breach of specific contract that, if the injured party can protect himself from damage, he is bound to do so, if practicable, at a moderate expense, or by ordinary efforts; and he can charge the delinquent party for such expenses and efforts, and have such damages only, as could not be prevented by the exercise of such diligence."   In *Simpson v. City of Keokuk,* 34 Iowa, 568, it is said:   "If the plaintiffs, by use of ordinary diligence and efforts, and at a moderate expense, might have prevented the damage, it seems necessarily to follow that their negligence contributed to the injury; and this, upon a well-settled rule, would defeat the plaintiffs' recovery."   The evidence shows without conflict that the defendant continued to use these works as they were constructed from June, 1894, until the trial of this case, in June, 1896, without making any effort to remedy the defects complained of, or to prevent damage to his barn or grain, or loss of time, for which he seeks to recover.   Under the rule announced in the cases quoted, the defendant would be required to protect himself from damages within a reasonable time.   The court instructed in harmony with the cases cited, but did not define to the jury what is meant by reasonable time.   Under the instructions the jury was at

liberty to allow the defendant damages for the entire two years, when it is beyond dispute that he could have, at moderate expense, and by ordinary effort, remedied the defects and stopped the damage in a much less time. While it was for the jury to determine what would be a reasonable time in which to have remedied the alleged defects, the court should have instructed as to what is meant by reasonable time, and that under the undisputed evidence two years was more than a reasonable time. . While the instruction given correctly stated the law so far as it went, and nothing further was asked by the appellant, still we think the instruction was misleading to the prejudice of the appellant in that it permitted the jury to consider as a reasonable time that which, as a matter of law, was not reasonable.

II.   As to the third count, the defendant admits the delivery to him of the corn harvester at the agreed price of one hundred and thirty dollars, but claims that he took it on trial, that it did not work satisfactorily, and that he returned it. The evidence shows without dispute that while he had it he loaned it to one Barber to cut his corn with, and that Barber cut six acres with it. The defendant testifies that he loaned it with the knowledge of the plaintiff, and this the plaintiff denies. Plaintiff asked an instruction as follows, which was refused: "You are instructed that if you find from the evidence that the defendant loaned the corn harvester in question to the witness Barber for use, and that said Barber did use the same, and that such loaning to and use by the said Barber was without the knowledge or consent of the plaintiff, then such loaning to said Barber would constitute an acceptance of said machine by the defendant, and in that case paintiff would be entitled to recover for said machine." In *Frey-Scheckler Co. v. Iowa Brick Co.,* 104 Iowa, 498, we said: "The general rule is that one who seeks to reject an article as not in accordance with the contract must do nothing after he discovers the true condition inconsistent

with the vendor's ownership of the property.    *   *   *    If
is liable in this case because it did something, and some-
thing that is entirely at war with its claim now made that
the title of the property never passed to it under the con-
tract." The receipt of the goods may become an accept-
ance if the right of rejection is not exercised within a rea-
sonable time, or if any act is done by the buyer which he
would have no right to do unless as owner of the goods.
21 Am. & Eng. Enc. Law, 557, and cases cited. See, also,
*Palmer v. Banfield,* 86 Wis. 441 (56 N. W. Rep. 1090);
*Brown v. Foster,* 108 N. Y. 387 (15 N. E. Rep. 608).
Surely, the defendant had no right to loan the harvester
without the consent of the plaintiff, unless as owner thereof.
We think it was error to refuse this instruction.

Other errors assigned and discussed by the appellant
are not likely to arise on a retrial, and therefore are not
further noticed. For the errors pointed out, the judgment
is REVERSED.