ZIPP MANUFACTURING COMPANY, Respondent, vs. PASTORINO and others, Appellants.

*December 11, 1903—January 12, 1904.*

*Sale of chattels: Opportunity for test: Use of unnecessary quantity.*

Where goods are sold under an agreement that they may be re-turned if, upon fair test, they do not prove satisfactory, the purchaser, in making the test, can use such quantity only as is fairly and reasonably necessary to determine their quality, and if he uses more than such quantity he makes the goods his own and loses the right of rejection.

APPEAL from a judgment of the superior court of Milwau-kee county: J. C. LUDWIG, Judge. *Affirmed.*

For the appellants there was a brief by *Roemer & Aarons,* and oral argument by *C. L. Aarons.*

For the respondent there was a brief by *Miller, Noyes & Miller,* and oral argument by *W. D. Hickman.*

WINSLOW, J.   This is an action to recover the purchase price of a barrel of vanilla sold by the plaintiff to the defend-

ants, who were wholesale manufacturers of candy, under an agreement that if, upon fair test, it did not prove satisfactory it might be returned. The defense was that the vanilla was of poor quality and proved unsatisfactory upon a test being made, and was returned. A verdict for the plaintiff was directed on the ground that the evidence showed without dispute that the defendants had accepted the vanilla by using in their business a far larger amount than was reasonably necessary for testing purposes. Examination of the evidence shows that the direction was plainly right. It appeared without dispute that a satisfactory test could be made by the use of a few ounces; also that the defendants used from four to six ounces daily in the manufacture of candy for a period of more than six weeks, during which time they made and sold about three tons of candy flavored with the vanilla, although by their own admissions they discovered that it was not satisfactory after making the first test. For testing purposes they could only use such quantity as was fairly and reasonably necessary to determine its quality. *Cream City G. Co. v. Friedlander,* 84 Wis. 53, 54 N. W. 28. When they went beyond this, as they unquestionably did in this case, they made it their own, and lost the right of rejection.

*By the Court.*—Judgment affirmed.