SMEESTERS, Appellant, vs. SCHROEDER, Respondent.

*October 18—November 15, 1904.*

*Sales: Breach of warranty: Rescission: Actions: Election of remedies.*

Plaintiff brought his action to recover damages for difference in value of a warranted horse received in trade for a horse of plaintiff's. It appeared, among other things, that, before commencing the present action, plaintiff attempted to institute replevin proceedings, and thereafter, with full knowledge of

every fact, including the sale by defendant of the horse re-
ceived from plaintiff, insisted that his horse be returned to
him, tendered back, in the most conclusive manner, the horse
received from defendant, refused to exercise any further acts
of ownership over it, and left the same subject to defendant's
control. *Held*, that plaintiff was shown to have exercised an
election in favor of a rescission of the sale, and therefore could
not maintain the present action.

APPEAL from a judgment of the circuit court for Brown
county: S. D. HASTINGS, Circuit Judge. *Affirmed.*

Action to recover damages for difference in value of a war-
ranted horse received in trade for a horse of the plaintiff's;
the plaintiff claiming, also, $25 special damages for expenses
in transporting and caring for such horse. The jury, by
special verdict, found a warranty and a breach thereof, and
$65 as the difference in value between the horse in fact and
as warranted. It appeared without dispute that upon dis-
covering the breach of warranty the plaintiff, on July 9,
1902, went to defendant and demanded rescission and re-
turn of the horse given by plaintiff, saying that defendant's
horse would arrive for surrender the following day; that
demand was refused. Thereupon, on same day, plaintiff
made affidavit before a justice of the peace, and obtained a
warrant of replevin for the horse given by him, which war-
rant he delivered to the sheriff, who, however, was unable to
find and take the property, and therefore made no service of
the warrant, which never was returned; the proceedings
being dismissed on the justice's docket two or three days
later, and all before the commencement of this action. On
July 10th plaintiff again demanded return of his horse;
notified defendant that the other was in town and ready for
delivery, and would be left at a certain livery stable subject
to his order. The defendant again refused rescission, and in-
formed plaintiff that the horse he had traded had been sold to
a third person. Whereupon plaintiff left the horse he had re-
ceived at a livery stable, with orders to deliver to defendant,

and has had no contact with it since. The court ruled that these steps taken by the plaintiff constituted an election of remedies with which the present action was inconsistent, and therefore ordered judgment dismissing the complaint, after having first overruled a motion for a new trial, from which judgment plaintiff appeals.

For the appellant there were briefs by *Sheridan & Evans,* and oral argument by *P. Sheridan.*

For the respondent the cause was submitted on the brief of *McGillan & Fontaine.*

Dodge, J. The plaintiff, having been induced to trade horses by misrepresentation or false warranty as to the quality of the horse he was receiving, under familiar rules, had right of election either to stand upon the contract which the defendant had induced, and to recover the damages resulting to him by reason of the defective quality of the horse which he had received, or to rescind the contract, and, upon returning what he had received, to recover back that with which he had parted, or its value if not recoverable in specie. *Fairfield v. Madison Mfg. Co.* 38 Wis. 346; *Park v. Richardson & B. Co.* 81 Wis. 399, 51 N. W. 572. It is, of course, apparent, as stated in the cases above cited, that the remedies above described are wholly inconsistent. Either there is a contract, for breach of which plaintiff is entitled to recover damages, or the contract is set aside and goes out of existence, whereby he becomes entitled to a return of that with which he parted on the faith of the contract. The existence of one situation negatives the other.

The exercise of such election is, of course, mental—provable only by some overt act; hence the law has become established that, when a party vested with such election does some decisive act evincing his choice, he has then adopted that position finally, and cannot recede from it, with some exceptions in the presence of mistake or ignorance of material facts.

*Boothby v. Scales,* 27 Wis. 636; *Boynton F. Co. v. Sorensen,* 80 Wis. 594, 50 N. W. 773; *Crook v. First Nat. Bank,* 83 Wis. 31, 52 N. W. 1131; *Hildebrand v. Tarbell,* 97 Wis. 446, 456, 73 N. W. 53; *Carroll v. Fethers,* 102 Wis. 437, 78 N. W. 604; *Terry v. Munger,* 121 N. Y. 161, 24 N. E. 272; *Robb v. Vos,* 155 U. S. 13, 15 Sup. Ct. 4. It has often been held that, whatever other facts may be decisive, the actual commencement of a suit predicated on either theory is plenary and complete proof of the exercise of plaintiff's election. *Carroll v. Fethers, supra; Clausen v. Head,* 110 Wis. 405, 85 N. W. 1028. The rule is invoked here, and claimed to have been satisfied by the mere taking out of the warrant of replevin; and much of the argument on both sides is addressed to the sufficiency of this act alone, and also to the question whether it is shown to have been done so in ignorance or mistake of material facts that it ought not to conclude plaintiff. We shall not deem it necessary to decide either of these propositions, for the election may as well be evinced and declared by other acts decisive and unambiguous in their character. Here, apart from the mere suing out of the warrant of replevin, it is established that the plaintiff, at a time when he had full knowledge of every fact, including the sale by defendant of the horse received from plaintiff, reiterated his demand for action consistent only with rescission of the contract; insisting that his horse be returned to him, and tendering back, in the most conclusive manner, the horse he had received from the defendant, refusing to exercise any further acts of ownership over it, and leaving the same subject to the control of the defendant. This, as supplementary to the act of at least attempting to institute replevin proceedings, leaves no possible doubt that plaintiff had elected that the contract should be set aside, and that the rights of the parties should be such as resulted from that situation. His action now in seeking the damages claimed in this suit is consistent only with the continued existence of that contract. The court was

clearly right in holding that the plaintiff was shown to have exercised an election in favor of the former situation, and must seek his remedies accordingly, and cannot maintain this action.

*By the Court.*—Judgment affirmed.