Fox and others, Appellants, vs. WILKINSON and another, Respondents.

*October 15—November 5, 1907.*

*Election of remedies: Acts constituting election: Inconsistent positions: Sales: Subsequent use: Rescission: Replevin.*

1. One having a right of choice between two inconsistent positions who exercises that choice is finally concluded and confined to the rights and remedies appropriate to the position so chosen and excluded from those consistent only with the repudiated one, and, since such choice is merely mental, any unambiguous act consistent with one and inconsistent with the other of the

elective positions will be deemed conclusive evidence of such election.

2. When an article delivered in attempted satisfaction of a contract of or for sale is upon reasonable inspection ascertained to vary from the requirements of such contract, the recipient becomes vested with a choice: (1) He may repudiate it entirely as not being that which he purchased, or (2) he may accept it either as satisfying the contract completely, or, under some circumstances, as satisfying it only partially, and recoup its insufficiency or defect against the purchase price, or recover damages therefor.

3. In such case, if after ascertaining defects the purchaser exercises dominion and avails himself of benefits to which he could be entitled only as owner, he so declares his election to become such that he cannot afterwards deny the obligations of such position, or claim the immunities which would have resulted upon a rescission.

4. When a purchaser has the right to subject an article to trial, the mere use of it is ambiguous, but when the test is complete so that the purchaser has to his satisfaction ascertained all that trial can teach him and determined that the article does not satisfy the contract, the element of ambiguity is eliminated in the construction of any subsequent acts of dominion or use. After that any unnecessary application of the article to his advantage and benefit is consistent only with a decision to become or continue owner.

5. Plaintiffs purchased from defendants a traction engine for $400 and an old horse power, and had the privilege of trial. After use of the engine up to noon of a certain day plaintiffs had so far completed the trial as to have ascertained that the engine would not work as guaranteed, and then determined not to accept it as satisfying the contract of sale and forwarded notice of such defect and determination to the seller. In this situation plaintiffs made use of the engine for their own benefit for the remainder of that day and until noon of the following day in completing a job of threshing on which they were employed. There was no proof of any special exigency rendering such use unavoidable. *Held*, that such acts were an unambiguous declaration of plaintiffs' election to become owners of the engine.

6. Such election, having been once exercised, concluded and precluded plaintiffs from the inconsistent course of rescission, and hence they could not maintain an action of replevin for the horse power which had been delivered into defendants' possession.

APPEAL from a judgment of the circuit court for Grant county: GEORGE CLEMENTSON, Circuit Judge. *Affirmed.*

Defendants sold to plaintiffs a traction engine for $400 and an old horse power. By written agreement the purchasers were accorded "ten days' trial on this engine, and said engine must do good work and be in good shape. If engine wheels and pinions break this year 1906 by cause of defect, same will be sent new." Plaintiffs received the engine, had used it in threshing on some six or seven different days, but during a period of more than ten days after its receipt. On August 27th they had ascertained, to their own satisfaction, that the engine would not do good work, and had determined absolutely that they would not accept or keep it, and about noon on that day sent word to the sellers' agent to that effect. Thereafter on the same day, and for about half of the following day, they continued to use the engine to run their threshing machine in order to finish up a job of threshing for a customer on which they were then engaged. Defendants, refusing to recognize the right of plaintiffs to rescind, got possession of the old horse power to which they were entitled under the terms of the trade. Plaintiffs, having demanded the same, brought replevin therefor. Upon trial the jury found a statutory verdict in replevin in favor of the plaintiffs, to the effect (1) that plaintiffs were entitled to the possession of the horse power; (2) that defendants unjustly took and unjustly detained the same; (3) $60 value; and (4) plaintiffs' damage $8. But in response to two special questions submitted by the court of its own motion they found (1) that "the plaintiffs determined absolutely on August 27th that they would not accept and keep the traction engine;" (2) that "after they had thus determined they proceeded with the use of the engine to finish the threshing job at which they were then employed." Upon this verdict the court denied plaintiffs' motion for judgment and rendered judgment in favor of defendants for the

recovery of the horse power or for its value, from which judgment the plaintiffs appeal.

*T. L. Cleary*, for the appellants.

*A. W. Kopp*, for the respondents.

DODGE, J.   One having a right of choice between two inconsistent positions who exercises that choice is finally concluded and confined to the rights and remedies appropriate to the position so chosen and excluded from those consistent only with the repudiated one.   Since such choice is merely mental, any unambiguous act consistent with one and inconsistent with the other of the elective positions will be deemed conclusive evidence of such election.   *Smeesters v. Schroeder,* 123 Wis. 116, 101 N. W. 363.   When an article delivered in attempted satisfaction of a contract of or for sale is upon reasonable inspection ascertained to vary from the requirements of such contract, the recipient becomes vested with such a choice.   He may repudiate it entirely as not being that which he purchased, or he may accept it either as satisfying the contract completely, or, under some circumstances, as satisfying it only partially, so that he may recoup its insufficiency or defect against the purchase price, or recover damages therefor.   *Fairfield v. Madison Mfg. Co.* 38 Wis. 346; *Park v. Richardson & B. Co.* 81 Wis. 399, 51 N. W. 572; *Smeesters v. Schroeder, supra.*   In the first case he refuses to become the owner of the article, in the latter he does become such.   The two are inconsistent; hence, when he adopts either alternative, he can exercise no rights consistent only with the other position.   Or, concretely, if after ascertaining defects he exercises dominion and avails himself of benefits to which he could be entitled only as owner, he so declares his election to become such that he cannot afterward deny the obligations of such position, or claim the immunities which would have resulted upon a rescission. *Churchill v. Price,* 44 Wis. 540 ; *Cream City G. Co. v. Fried-*

*lander,* 84 Wis. 53, 54 N. W. 28; *Palmer v. Banfield,* 86
Wis. 441, 56 N. W. 1090; *Walter A. Wood M. & R. M. Co.
v. Calvert,* 89 Wis. 640, 62 N. W. 532; *Kingman & Co. v.
Watson,* 97 Wis. 596, 73 N. W. 438; *Zipp Mfg. Co. v. Pas-
torino,* 120 Wis. 176, 97 N. W. 904. When a purchaser has
the right to subject the article to trial, the mere use is, of
course, ambiguous, for it may be for the purposes of trial;
but when the test is complete so that the purchaser has to his
satisfaction ascertained all that trial can teach him and de-
termined that the article does not satisfy the contract, then
that element of ambiguity is eliminated in the construction
of any subsequent acts of dominion or use. After that cer-
tainly any unnecessary application of the article to his ad-
vantage and benefit would in honesty be consistent only with
a decision to become or continue owner. The distinction be-
tween using an article for purpose of test or trial and use un-
necessary for such purpose, and therefore ascribed to owner-
ship, is illustrated in several of the cited cases, notably
*Cream City G. Co. v. Friedlander; Walter A. Wood M. &
R. M. Co. v. Calvert;* and *Zipp Mfg. Co. v. Pastorino.*
Doubtless there may be situations where some use of an ar-
ticle after unsatisfactoriness is fully established is unavoid-
able to protect the purchaser from injury or serious inconven-
ience resulting from the very predicament in which he is
thrown by making the trial, as, for example, one who dis-
covers defects in the trial drive of a horse and who merely
continues the use to return to the starting point. In such
case the continued use might well fail to evince any intent
to retain the article.

Applying these rules of law to the instant case, we find it
established as fact that about noon of August 27th the plaint-
iffs had so completed the trial to which they were entitled that
they had ascertained that the engine would not work as
guaranteed and had determined not to accept it as satisfying
the contract of sale, and had forwarded notice of such de-

fect and determination to the seller. Whether they still had a right under the contract to make further trial, had they so desired, is immaterial, for they had declared that they did not so desire, and there is no claim or pretense that the subsequent use was made for the purpose of ascertaining the quality or effectiveness of the machine. The trial being complete and the inadequacy of the article to fully satisfy the calls of the contract being established, plaintiffs had the election to reject it altogether and rescind the sale, or, in certain business exigencies, to retain it as of some value and pay such sum as might be proper after due allowance for its defects. *Ketchum v. Wells,* 19 Wis. 25, 33; *Olson v. Mayer,* 56 Wis. 551, 555, 14 N. W. 640; *Charley v. Potthoff,* 118 Wis. 258, 263, 95 N. W. 124. In this situation, and with this right of choice, they made use of the engine for their own benefit for the remainder of the 27th and until noon of the 28th of August. There is no proof of any special exigency rendering such use unavoidable. Under authority of our own decisions such acts can have but one construction: they must be deemed to unambiguously declare plaintiffs' election to become owners. *Palmer v. Banfield,* 86 Wis. 441, 56 N. W. 1090. That, having once been exercised, concludes them and precludes them from the inconsistent course of rescission and reclamation of that which had been received by defendants as purchase price. Hence, whatever other remedy they may have, they could not maintain replevin for the horse power in question, and the judgment in favor of defendants was correct.

*By the Court.*—Judgment affirmed.