INMAN MANUFACTURING COMPANY v. AMERICAN CEREAL
COMPANY, Appellant.

**Sales:** RESCISSION OF CONTRACT: BURDEN OF PROOF: EVIDENCE. Under a contract providing that machinery purchased shall be to the full satisfaction of the purchaser as to quality and durability before payment can be required, the burden is upon the seller to show bad faith in its rejection. In the instant case the rejection of machines for inefficient work is not shown to have been in bad faith.

**Same:** CONTRACT FOR PURCHASE OF MACHINERY: USE: ACCEPTANCE. At the time defendant rejected the machinery in question and plaintiff abandoned the work of installing the same, defendant had on hand material for manufacture and had ordered further material, but upon rejection of the machinery sought to cancel the order and otherwise dispose of the stock. Failing to do either the mill owner, having the right to possession of the machinery as security for money advanced on account of the same, used it to manufacture such stock. *Held*, that such use was not adverse to plaintiff's ownership nor an acceptance of the machinery.

**Appeal:** REVERSAL: SETTLEMENT OF COUNTERCLAIM. Where it is shown on a rehearing that matters have arisen since suit was brought affecting the right of recovery on a counterclaim, upon reversal the case will be remanded with authority to determine such matters.

*Appeal from Linn District Court.*—HON. F. O. ELLISON,
Judge.

SATURDAY, FEBRUARY 20, 1909.

SUPPLEMENTAL OPINION WEDNESDAY, MAY 12, 1909.

SUIT on a written contract for the purchase of machinery. Trial to a jury, and verdict and judgment for the plaintiff. The defendant appeals.—*Reversed.*

*Dawley & Wheeler,* for appellant.

*H. V. Borst, Remley & Remley* and *Jamison & Smyth,* for appellee.

SHERWIN, J.—This case has twice before been considered by this court on appeals by the defendant. The opinion on the first appeal is reported in 124 Iowa, 737, and on the second appeal in 133 Iowa, 71. On the trial from which the present appeal was taken the plaintiff was again successful, recovering a judgment against the defendant for $15,000, from which judgment the defendant alone appeals.

While the appellant argued a number of questions in its opening brief and argument, in its reply brief it asks that the judgment be affirmed, unless its claim that there should have been a directed verdict in its favor shall be sustained.

The contention that the appellant should have had a verdict presents two principal questions for determination: First, whether there is sufficient evidence that the defend-

1. SALES: rescission of contract: burden of proof: evidence.

ant was not honestly and in good faith dissatisfied with the machinery when it finally rejected the same to take the case to the jury on that question; and, second, whether the use of the shell machines at the Cedar Rapids mills after the rejection of the machinery was an acceptance of the entire system called for by the contract or any part thereof. The contract under which the machinery was sold was in writing and provided as follows: "The party of the first part farther agrees that all of said machines are to be to the full satisfaction of the officers of the party of the second part as to the quality of work and life and durability of the machines before payment of the machines will be required." On the first appeal (124 Iowa, 737) we held that under the provision of the contract above set out the

dissatisfaction of the defendant must be in good faith, but whether it was reasonable or unreasonable was not a material inquiry. On the second appeal (133 Iowa, 71) we held that the plaintiff had the burden of proving that the defendant acted in bad faith in rejecting the machines. These opinions fix the law of the case on the questions determined therein, and it need not again be discussed.

The evidence before us occupies over four hundred pages of the abstract, and it is manifestly impossible to give in detail any considerable portion of it. We have read it with care, however, and are thoroughly convinced that the plaintiff has wholly failed to show bad faith on the part of the defendant in rejecting the machines in question. A careful analysis of the testimony of Mr. Inman, who was the head of the plaintiff's firm and its personal representative in making the contract and in testing the machines and determining whether they were doing the work the contract called for, leaves no doubt as to the good faith of the defendant. Under the contract, which was made on the 23d of August, 1899, the machinery was all to be in place in the defendant's Cedar Rapids mill within six months from that time. Notwithstanding this time limit in the original contract, the plaintiff was given until the 22d day of April, 1901, to complete its contract, and even then it failed to do so, and abandoned the work. No disinterested person can read the record in this case and escape the conviction that the defendant was quite as anxious to have the machinery do the work for which it was designed as was the plaintiff, and the evidence of Mr. Inman himself is conclusive that the printing press, at least, did not do its work well, or to his satisfaction even. In the opinion on the first appeal we held that the contract was not severable, and that a failure on the part of any of the machines constituting a part of the entire system would justify the rejection of all.

The Akron, Ohio, shell machines were sold on condition that they were satisfactory to defendant.   They were not satisfactory because they did not do the work they were purchased for, and there is in the record no serious attempt to show that defendant acted in bad faith in refusing to keep and pay for them.   When the machines were finally rejected April 22, 1901, and, when Mr. Inman left Cedar Rapids in the same month, there was on hand at the Cedar Rapids mill a quantity of straw board in rolls that had been bought to be worked up by the Inman shell machines.   A still larger quantity had already been ordered from the manufacturer, but it was not delivered to the defendant until in the fall of 1901.   The defendant used the Inman shell machines for making this supply of straw board into boxes, and plaintiff claims that it thereby accepted the entire outfit of machines.   The paper on hand at the Cedar Rapids mill when Mr. Inman left in April, 1901, was bought for experimental purposes at his request. That, as well as the straw board that had then been ordered but was undelivered, had been ordered and made for use in the Inman shell machines that were then in the Cedar Rapids mill, and it could not be used in the defendant's old machines, nor was there a market for it elsewhere. After the machines had been rejected and Inman had abandoned the work at Cedar Rapids, the defendant sought a release from its contract for the undelivered paper, and, failing to obtain this, it undertook to find a purchaser for such paper, but in this it also failed, and was then compelled to take and pay for such straw board; and it was after these efforts that it used the plaintiff's machines for the purpose of protecting itself and the plaintiff from loss on account thereof.   Had the defendant neglected to do this, it might have been a question under the circumstances whether it could recover the price of the paper from the plaintiff.   The defendant clearly did not intend such use

VOL. 142 IA.—36

of the shell machines to signify an acceptance of the entire system, and we are of the opinion that it should not be so held as a matter of fact or law.   It was the defendant's duty to protect itself against loss by reason of plaintiff's failure to perform its contract.   In addition to this, it had the right to the possession of the shell machines as security for a $10,000 loan to the plaintiff.   Under all of the circumstances shown, it should be held that there was no use of the machines adverse to the plaintiff's ownership thereof, nor any acceptance of the system covered by the contract.   *Inman Mfg. Co. v. Am. Cereal Co.,* 124 Iowa, 737; *Rock Island Plow Co. v. Meredith,* 107 Iowa, 498; *Creamery Package Mfg. Co. v. Benton County Creamery Co.,* 120 Iowa, 584; *Hensen v. Beebe,* 111 Iowa, 534. The appellee's contention that on the first appeal this question was determined adversely to appellant's position is unwarranted by the opinion.   What was there said referred only to the right of the appellant to show why it used the machines.   The question of the sufficiency of the evidence on that point was not involved nor determined.

This case must be reversed.   The defendant may elect within thirty days to have it remanded for a judgment below conforming to this opinion, or it may have such judgment here.—*Reversed.*

*Supplemental opinion.*

Per Curiam.—The petition for a rehearing and resistance thereto show that the plaintiff has unsettled claims against the defendant, arising since this suit was brought, which may affect the amount of the defendant's recovery on its counterclaim for money loaned to the plaintiff.   In view of this we think the original opinion should be so modified as to remand the case to the district court for a determination of such matter.

3. Appeal:
reversal:
settlement of
counterclaim.

It is therefore so ordered, and with such modification the original opinion is adhered to, and the petition for a rehearing is *overruled.*