LEITERMANN, Respondent, vs. BARNARD, Appellant.

*January 12—February 1, 1910.*

*Sales: On approval: Qualified acceptance: Breach of warranty: Set-off: Damages.*

1. Where plaintiff contracted to install a gas lighting plant in defendant's building and, if it did not satisfactorily light the building, to remove it and to pay any damages caused by the installation, but upon the plant proving unsatisfactory defendant refused to permit its removal unless plaintiff would give security for the repair of the damage, such refusal amounted to an acceptance of the plant, with reservation of the right to recoup damages for its failure to satisfy the warranty.

2. In an action for the contract price in such case defendant might set off his damages upon proof of the difference between the real value of the lighting plant and its value had it conformed to the warranty, but cannot set off damages to the building, for which he would be entitled to recover only upon removal of the plant.

APPEAL from a judgment of the circuit court for Calumet county: GEO. W. BURNELL, Circuit Judge. *Affirmed.*

The appeal is from a judgment adjudging the plaintiff was entitled to a mechanic's lien on defendant's premises, foreclosing the lien and ordering sale of said premises to pay this lien, for $122.60 damages, and $94.38 costs.

The cause was submitted for the appellant on the briefs of *James Kirwan,* and for the respondent on that of *J. E. Mc-Mullen.*

Among references cited upon the part of the appellant were the following: *Manitowoc S. B. Works v. Manitowoc G. Co.* 120 Wis. 1, 97 N. W. 515; *Widman v. Gay,* 104 Wis. 277, 80 N. W. 450; *Fuller-Warren Co. v. Shurts,* 95 Wis. 606, 70 N. W. 683; *Williams v. Thrall,* 101 Wis. 337, 76 N. W. 599; *Manning v. School Dist.* 124 Wis. 84, 102 N. W. 356; *Houlahan v. Clark,* 110 Wis. 43, 85 N. W. 676; *Manthey v. Stock,* 133 Wis. 107, 113 N. W. 443; *Froelich v. Christie,* 115 Wis. 549, 92 N. W. 241; *Charley v. Potthoff,* 118 Wis. 258, 95 N.

W. 124; *Phœnix Mfg. Co. v. McCormick H. M. Co.* 111 Wis. 570, 87 N. W. 458; *Keefe v. Furlong,* 96 Wis. 219, 70 N. W. 1110; *Weeks v. Robert A. Johnson Co.* 116 Wis. 105, 92 N. W. 794; *American F. & F. Co. v. Board of Ed.* 131 Wis. 220, 110 N. W. 403; *J. H. Silkman L. Co. v. Hunholz,* 132 Wis. 610, 112 N. W. 1081.

Among other references upon the part of the respondent were the following: *Cooper v. Cleghorn,* 50 Wis. 113, 6 N. W. 491; *Gunderson v. Swarthout,* 104 Wis. 186, 80 N. W. 465; *Baringer v. Evenson,* 127 Wis. 36, 106 N. W. 801; *E. M. Fish Co. v. Young,* 127 Wis. 149, 106 N. W. 795; *Rinzel v. Stumpf,* 116 Wis. 287, 93 N. W. 36; *Ashland L., S. & C. Co. v. Shores,* 105 Wis. 122, 81 N. W. 136; *Zipp Mfg. Co. v. Pastorino,* 120 Wis. 176, 97 N. W. 904; *Van Trott v. Wiese,* 36 Wis. 439; *Friend Bros. C. Co. v. Hulbert,* 98 Wis. 183, 73 N. W. 784; *Palmer v. Banfield,* 86 Wis. 441, 56 N. W. 1090; *Kingman & Co. v. Watson,* 97 Wis. 596, 73 N. W. 438; *Fox v. Wilkinson,* 133 Wis. 337, 113 N. W. 669; *Rohrer v. Lockery,* 136 Wis. 532, 117 N. W. 1060.

TIMLIN, J.   The trial court found upon sufficient evidence that the plaintiff agreed to install a gasoline gas lighting plant in the saloon and dwelling house of defendant, situate upon certain described land, and that said plant would properly and satisfactorily light said building; if it did not, the plaintiff would remove said lighting plant from the building and pay any damages that he might have caused by setting up and installing the lighting plant.   The lighting plant did not properly or satisfactorily light the defendant's premises, and plaintiff attempted to remove the same as provided by the contract, whereupon defendant refused to permit its removal unless plaintiff would give security or make a deposit of $50 to repair any damages caused by the installing of said lighting plant.   The plaintiff refused to give security or make this deposit, whereupon defendant forbade the removal of said

plant and forcibly prevented its removal. This action to fore-close a mechanic's lien was then commenced. The circuit judge treated the defendant's refusal to permit the removal of said plant, except upon conditions which he had no right to impose, as an acceptance of the plant, and rendered judgment for the full contract price. This was correct. The defend-ant offered no proof of the diminished money value of the plant, and indeed no proof of any damages whatever except the sum of $15 damage to the buildings caused by making apertures for the reception of pipes or fixtures, and which would have been a proper item of damages only if the plant had been removed.

We may entirely agree with the appellant that there was an entire contract in the sense that part performance would not entitle the plaintiff to recover. But the law relating to ac-ceptance applies to such a contract. Here there was what was equivalent to an acceptance of the plant, with a reservation of defendant's right to recoup damages had he seen fit to prove such damages. There may be such qualified acceptance; that is to say, acceptance as a purchase, but not acceptance as sat-isfying a warranty. *Fox v. Wilkinson*, 133 Wis. 337, 113 N. W. 669. In this respect the instant case differs from *King-man & Co. v. Watson*, 97 Wis. 596, 73 N. W. 438, where the contract provided what should be the effect of acceptance and retention of the property. This made the ressult of accept-ance in the case last cited a question of law, while in cases like the instant case the scope of the acceptance would ordi-narily be a question of fact. *Park v. Richardson & B. Co.* 81 Wis. 399, 51 N. W. 572. Notwithstanding the form of agree-ment here, the defendant was at liberty to make such qualified acceptance, and afterward set off his damages against the pur-chase price, had he shown the difference between the real value of the lighting plant and its value had it conformed to the warranty. *Park v. Richardson & B. Co., supra.* Hav-ing offered no evidence on this point, there can be no reduction

from the contract price, because the $15 damage to the building is the measure of damages only in case the plant had been removed, not in case of its retention.

*By the Court.*—Judgment affirmed.