KELSEY, Appellant, vs. J. W. RINGROSE NET COMPANY, Respondent.

*January 31—February 18, 1913.*

*Sales: Machine for special purpose: Implied warranty: Breach: Rescission: Waiver of right: Reasonable time for testing: Continued use thereafter: Taking question from jury.*

1. Upon a sale, without express warranty, of a machine built for a special purpose, the law implies a warranty that it will do the work for which it was intended.
2. In such a case the purchaser has a reasonable time within which to test the machine, and if it does not comply with the implied warranty he may either affirm the contract and recover damages for the breach of warranty, or rescind the contract, tender back the machine, and recover the purchase price if paid, or, if unpaid, defend against an action therefor by the vendor.

3. The right to rescind, however, is defeated or waived by failure of the purchaser to use ordinary care to discover defects or to give notice of nonacceptance with reasonable promptness, or by use of the machine, not for the purpose of testing it, after it has been ascertained that it does not fulfil the warranty.

4. What is a reasonable time within which to make a test is usually a question for the jury, but the time may be so long that the court can say as a matter of law that the test was not made in a reasonable time.

5. Where the purchaser of a power tipping machine, designed to place metal tips on the ends of the strands of horse fly-nets, used it for a month without being able to make it work properly, and again, after it had been overhauled by the manufacturer, experimented with it for about six weeks without results, the machine at no time showing any improvement in the work turned out, the decision of the trial court that, as a matter of law, an offer to return it, made at the end of said six weeks, came too late, should not be disturbed on appeal.

APPEAL from a judgment of the circuit court for Brown county: S. D. HASTINGS, Circuit Judge. *Affirmed.*

The plaintiff purchased from the defendant a power-driven tipping machine which was calculated to automatically place metal tips on the ends of the strands of horse fly-nets which plaintiff was engaged in manufacturing. The purchase price of the machine was paid in advance and the plaintiff endeavored for a considerable length of time to operate it, and finding that it would not work satisfactorily tendered the machine to the defendant and gave notice that he elected to rescind the contract to purchase. This action was brought to recover the purchase price. The court directed a verdict in favor of the defendant, and from the judgment entered in accordance with such ruling the plaintiff appeals. Other facts essential to an understanding of the points involved are set forth in the opinion.

For the appellant there was a brief by *Cady, Strehlow & Jaseph,* and oral argument by *Samuel H. Cady.*

For the respondent there was a brief by *Martin, Martin & Martin,* and oral argument by *J. F. Martin.*

BARNES, J.    The machine involved was built for a special purpose.    There were only about half a dozen such machines in use when the plaintiff made his purchase.    It was not sold under any express warranty.    It is settled in this state that under such circumstances the law implies a warranty that the machine will do the work which it was intended to do. *Boothby v. Scales,* 27 Wis. 626; *Fisk v. Tank,* 12 Wis. 276; *Logeman Bros. Co. v. R. J. Preuss Co.* 131 Wis. 122, 111 N. W. 64; *Merrill v. Nightingale,* 39 Wis. 247.

Where such an article is sold without express warranty the purchaser has a reasonable time within which to test it for the purpose of determining whether or not it complies with the warranty which the law implies.    If it does not, he has an election of remedies.    He may affirm the contract and recover the legitimate damages occasioned by the breach of the warranty or he may rescind the contract and tender back the article and recover the purchase price if it has been paid.    If it has not, he may successfully defend an action to recover it. *Boothby v. Scales, supra; Paige v. McMillan,* 41 Wis. 337; *Gammon v. Abrams,* 53 Wis. 323, 10 N. W. 479.

The cases last cited further hold that what is a reasonable time within which to make a test is usually a question of fact for a jury to decide, but that the time may be so long that a court can and should say as a matter of law that it was not made within a reasonable time.

As a corollary to what has already been said, it is held that where the defects are such that the purchaser in the exercise of ordinary care should have discovered them, it is his duty to do so, and that failure to observe such duty and to rescind with reasonable promptness will defeat the right of rescission.    *Mamlock v. Fairbanks,* 46 Wis. 415, 417, 1 N. W. 167; *Bostwick v. Mut. L. Ins. Co.* 116 Wis. 392, 89 N. W. 538, 92 N. W. 246; *J. I. Case T. M. Co. v. Johnson,* 140 Wis. 534, 122 N. W. 1037.

Any use of an article purchased under an implied warranty, after it has been ascertained that it does not fulfil such

warranty, and which is not made for the purpose of testing, is an acceptance of the article and a waiver of the right to rescind. *Cream City G. Co. v. Friedlander,* 84 Wis. 53, 58, 54 N. W. 28; *Palmer v. Banfield,* 86 Wis. 441, 446, 56 N. W. 1090; *Fox v. Wilkinson,* 133 Wis. 337, 113 N. W. 669.

After it is ascertained that the article does not comply with the warranty, timely notice must be given that it will not be accepted as a compliance with the contract or the right to rescind is waived. *J. Thompson Mfg. Co. v. Gunderson,* 106 Wis. 449, 453, 82 N. W. 299.

In a case involving a sale of vanilla it was held that only so much of it should be used for testing purposes as was fairly and reasonably necessary, and that where an excessive quantity was used the right of rescission was lost. *Zipp Mfg. Co. v. Pastorino,* 120 Wis. 176, 97 N. W. 904.

The concrete question before us is, Did the court err in not allowing the jury to say whether the offer to rescind was made within a reasonable time, in view of the principles of law above referred to?

The plaintiff used the machine all or nearly all of the month of December. During that time he could not get it to work properly. Indeed he says he did not succeed in putting tips on a single fly-net with it that he would place on the market. He then returned it to the maker, who was also a manufacturer of fly-nets. It showed evidences of hard though no doubt well meant usage. It also showed evidences that it had been experimented with, even to the extent of putting a set-screw in an oil hole in the loose pulley. Defendant overhauled and adjusted it and set it up in its factory and ran it for some time and returned it, according to the evidence, in first-class condition. It was set up in plaintiff's factory as early as February 6th and was thereafter tested until March 25th, according to plaintiff's evidence. At no time did it do any satisfactory work or tip a single fly-net that plaintiff felt he could place upon the market for sale. The attempted rescission was made on March 25th.

In behalf of the appellant it is urged that the plaintiff was attempting in good faith to try out the machine and get it to work properly; that it was somewhat complicated, and that it was for the jury to say whether he retained it an unreasonable length of time for the purpose of testing.

On the other hand, the plaintiff had used the machine during the month of December and failed to get it to work. After it was overhauled and put in what the manufacturer claimed was perfect running condition he continued to experiment for about six weeks without results. The trial judge in deciding the case said that it was obvious that a week's trial after the machine was returned would have been ample, and that an offer to return after six weeks of alleged trial came too late.

The case is a reasonably close one. Had the trial judge submitted the case to the jury we might not be disposed to hold that it was error to do so, but we are far from being convinced that the circuit judge was clearly wrong in arriving at the conclusion which he did. A period of two and one-half months' experimentation would seem to be an unreasonable length of time, considering the character of the machine and the further fact that at no time did the quality of the work turned out show any material improvement.

*By the Court.*—Judgment affirmed.