HILTGEN, Appellant, vs. BIEVER, Respondent.

*January 13—February 1, 1916.*

*Sale on trial: Retention and use: Acceptance.*

Where gang plows were sold on trial, the purchaser to have a reasonable time to test them and determine whether they were suitable, and he plowed with them all his own land, one hundred acres, and ninety-two acres for other persons, using the plows for more than twenty days, when one day would have been sufficient for a test, he must be held to have accepted the plows and to be liable for the purchase price.

APPEAL from a judgment of the circuit court for Ozaukee county: MARTIN L. LUECK, Circuit Judge. *Reversed.*

This action was brought to recover the purchase price of certain twelve-inch gang plows and extra equipment at an agreed price of $575. The defendant in his amended answer admits the sale and selling price, but alleges that the plaintiff, instead of delivering twelve-inch plows, delivered fourteen-inch plows, and further set up the plaintiff's knowledge that defendant intended to use said plows in the state of Montana, and when defendant discovered that said implements were not of the kind he had ordered he informed the plaintiff of the fact, and plaintiff agreed that if defendant could not use them in the operation of his farm and in properly plowing his land defendant would not be obliged to pay for them. The answer further alleges that the defendant was unable to make much, if any, use of said plows on account of their extra width, and it was impossible for him to plow the land as he could have done had he received the plows agreed upon; that his engine purchased from the plaintiff at the same time he purchased the plows did not have sufficient power to operate said plows; that owing to the lateness of the season and the distance from market defendant was obliged to make use of the plows in plowing his land in said state of

Montana; that defendant has never accepted said plows and refuses now to accept the same. The answer also sets up several counterclaims.

The following is the portion of the special verdict material upon this appeal:

"(1) Did the defendant, *Peter C. Biever,* on the occasion when the parties met at the car in Milwaukee, accept the gang plows, then on the car, in satisfaction of the terms of the written order signed by him on January 3, 1911? *A.* No.

"(2) If you answer the first question 'No,' then answer this question: Did the plaintiff, on the occasion when the parties met at the car in Milwaukee, agree that the defendant might take said gang plows to Montana and if he could not use them for plowing land he would not be obliged to pay for them? *A.* Yes.

"(5) Were the seven extra stubble bottom shears delivered on the car at Milwaukee ready for shipment to Montana? *A.* No."

After verdict the plaintiff moved to change the answer to the first question from "No" to "Yes" and to strike out the answer to the second question, and that if such motion be denied the plaintiff be permitted to amend his complaint by inserting the following:

"That thereafter and on or about the month of February or March, 1911, the said defendant shipped said goods, wares, and merchandise, being said gang plows and appurtenances above described, to the state of Montana, and that he in said state, during the spring and summer of the year 1911, used the gang plows and appurtenances for plowing all of his land in said state and the land of other persons, that said gang plows could be used by defendant and were used by him in plowing said lands aforesaid, and worked satisfactorily and to the satisfaction of the defendant, and the defendant then and there accepted said goods, wares, and merchandise, to wit, said gang plows and their appurtenances as above described, as and for said goods, wares, and merchandise so sold as aforesaid, and for judgment in favor of the plaintiff as prayed for in his complaint."

Plaintiff also moved to set the verdict aside and for new trial. The court denied all motions made by plaintiff and ordered judgment in favor of the defendant dismissing the complaint with costs. Judgment was entered accordingly, from which this appeal was taken.

*Chas. J. Kunny,* for the appellant.

For the respondent the cause was submitted on the brief of *William F. Schanen,* attorney, and *James D. Shaw,* of counsel.

KERWIN, J. The contract made by the parties as found by the second question and answer of the special verdict amounted to a sale on trial. Under it the defendant was to have a reasonable time, under all the circumstances of the case, to try the plows. It is very clear from the undisputed evidence that the defendant accepted the plows. The evidence is undisputed that he not only plowed all his own land, 100 acres, but plowed ninety-two acres for other persons. He used the plows twenty-two or twenty-three days. There is no evidence that it was necessary to use the plows any considerable time in order to determine whether they would do good work. Obviously a day or less would have been sufficient to test the plows and determine whether they were suitable.

Under such circumstances it must be held that the defendant accepted the plows as a compliance with the terms of sale and is liable for the purchase price. *Fox v. Wilkinson,* 133 Wis. 337, 113 N. W. 669; *Kelsey v. J. W. Ringrose N. Co.* 152 Wis. 499, 140 N. W. 66; *Estey O. Co. v. Lehman,* 132 Wis. 144, 111 N. W. 1097.

There is no evidence that the plows were of less value than the purchase price. The complaint was that they were larger, fourteen-inch plows, while the contract called for twelve-inch plows. All the counterclaims for damages pleaded, except the claim for seven extra stubble bottom

shears, were decided against the defendant and no appeal taken by him. The evidence tends to show that the seven shears were worth $21. This sum, therefore, should be deducted from the purchase price of the goods sold, viz. $575, and judgment rendered for the balance.

*By the Court.*—The judgment of the court below is reversed, and the cause remanded with directions to enter judgment for the plaintiff for $554 with interest and costs.