FORT WAYNE PRINTING COMPANY, Appellant, vs. HURLEY-REILLY COMPANY, Respondent.

*April 11—May 2, 1916.*

*Sales: Acceptance: Contracts: Parties.*

1. Defendant gave plaintiff a written order for certain printed matter to be used as part of a posting system. Plaintiff manufactured the goods and delivered to defendant certain boxes and also itemized invoices of the goods, with prices, and demanded payment. Defendant received and retained the boxes without examining or inspecting the contents, but refused to pay for the goods unless one H. would install the posting system, claiming that plaintiff and H. jointly contracted to furnish and install the system. *Held,* that such facts sufficiently show an acceptance by defendant of the contents of the boxes as being the goods specified in the invoices and as complying with the written order.

2. Findings by the court to the effect that plaintiff was not a party to the contract for installing the posting system, and that plaintiff's agreement to furnish the goods included in the written order was a transaction separate from and independent of any contract between H. and the defendant, are *held* to be sustained by the evidence.

APPEAL from an order of the circuit court for Milwaukee county: OSCAR M. FRITZ, Circuit Judge.    *Reversed.*

The action was brought for the recovery of the purchase price of goods, wares, and merchandise made and sold by the plaintiff to the defendant on defendant's order.

The defendant company through its general manager gave an order in the month of April, 1913, for printed matter to be furnished and delivered by the plaintiff, which was to be used for the purpose of installing the Houghton Self-Proving Posting System for the defendant company.    The plaintiff claims that the testimony shows that part of these goods were received by the defendant company between May 13 and July 7, 1913.    The claim is that these goods were sent in boxes which at the time of trial had not been examined by the defendant company, but had been received at its office and are still there in the original packages.    The plaintiff alleges that one Houghton agreed with defendant to install the posting system and that plaintiff accepted the order to furnish the printed material.    Sometime after ordering this printed matter the defendant ordered a special typewriter attachment which had been patented by Houghton and was owned by him and Wilding, manager of the plaintiff company, and which was a part of this system.    When part of the printed matter had been shipped, plaintiff demanded $381.27 as payment therefor.    Houghton had not installed the system.    The defendant alleges that the contract for the system and this material was one jointly with Houghton and the plaintiff and refused to pay until the system was installed.

The civil court found that Houghton was not an agent of the plaintiff; that plaintiff did not agree to install the posting system; and that plaintiff has complied with the order for the printed matter and is entitled to judgment for the sum of $381.27, the value of the goods delivered, with interest thereon from July 7, 1913.    On defendant's appeal to the circuit court the judgment of the civil court was reversed on

the ground that there was a failure of proof to show that the boxes plaintiff shipped defendant contained the goods specified in defendant's written order, and entered an order for a new trial directing that the action be tried in the circuit court in the same manner as if originally brought therein. From such order of the circuit court this appeal is taken.

For the appellant there was a brief by *B. F. Saltzstein,* and oral argument by *Peter R. Feldman.*

For the respondent there was a brief by *Austin, Fehr & Gehrz,* and oral argument by *G. G. Gehrz.*

SIEBECKER, J. It is held in this case that the circuit court erred in reversing the judgment of the civil court and awarding a new trial of the action. The civil court found as facts that the defendant made a written order for the printed matter to be furnished it as a part of the posting system; that the plaintiff had complied with this order by delivering the goods included in the written order; that defendant retained and accepted them, and that plaintiff is entitled to payment therefor in the amount shown by the bills plaintiff presented to defendant after the delivery of the goods. The circuit court held that the record disclosed "no competent proof whatever as to the nature of the contents of the boxes which were shipped by the plaintiff to the defendant between May 13, 1913, and July 7, 1913." There is no dispute as to the written order for the printed matter and the receipt by defendant of the boxes which plaintiff claims contained the goods at the time alleged and the possession thereof by defendant at the time of trial. The plaintiff sent defendant invoices purporting to contain itemized statements of the goods with prices, as ordered, and claims that the goods defendant ordered are contained in the boxes defendant received. It appears that plaintiff's manager had no personal knowledge of the contents of these boxes, but that the freight bills of their shipment came to his notice; also that the invoices were sent to

defendant and payment demanded; that defendant acknowledged receipt of the boxes with contents, but refused to pay for the goods unless Houghton would install the system as he had agreed.      The facts and circumstances showing that plaintiff manufactured the goods, that it shipped the boxes, that it sent defendant invoices specifying what it claimed the boxes contained, and that defendant received the boxes and invoices and retained them without examining and inspecting the contents, permit of the inference that the plaintiff shipped and delivered and that defendant accepted the goods and that they are of the nature and kind specified in the invoices defendant received.      The conduct of defendant's officers harmonizes with the inference that they considered the boxes contained the goods for which defendant gave its written order.      The conduct of the parties pertaining to these business affairs is in accord with the usual and customary practices that are followed by dealers in commercial transactions.      The defendant's officers, under the facts and circumstances of this transaction which were brought to their attention, became sufficiently informed of the contents of these boxes and that the itemized invoices expressed in writing what these boxes contained, so that when they received and retained them they accepted them with the understanding and assent that the goods thus delivered were the goods specified in the invoices and comply with the written order.      Under the terms of the written order it must be considered that the plaintiff appropriated the goods to the order when it shipped them and that defendant's dealing therewith, in the light of the information its officers had, is an acceptance of them as a compliance with the written order.      Secs. 1684*t*—47, 1684*t*—48, Stats. 1915; *J. Thompson M. Co. v. Gunderson,* 106 Wis. 449, 82 N. W. 299; *Bostwick v. Mut. L. Ins. Co.* 116 Wis. 392, 89 N. W. 538, 92 N. W. 246; *Northern S. Co. v. Wangard,* 117 Wis. 624, 94 N. W. 785; *Forster, Waterbury Co. v. F. MacKinnon M. Co.* 130 Wis. 281, 110 N. W. 226.

The civil court found, and the circuit court affirmed the findings, that Houghton was not an officer or agent of the plaintiff, nor acting for it respecting the installation of the posting system; that plaintiff was in no manner a party to the contract existing between Houghton and defendant for the installation of this system; and that plaintiff's agreement to furnish defendant the goods included in the written order was a transaction separate from and independent of the contract between Houghton and defendant. The defendant assails these conclusions of the civil court and claims that the facts and circumstances of the two transactions show that it was understood and agreed that the written order was made a part of the agreement with Houghton for the installation of the system and that the goods were ordered on the condition that the system would be furnished and installed by Houghton. We have examined the record and find the evidentiary facts and circumstances bearing on these issues permit of the inference that plaintiff is not a party to the contract for installing the system and that the written order for these goods was not conditional on Houghton's performance of his agreement with defendant. In view of this state of the record it cannot be said that these findings of the civil court are clearly wrong.

The exceptions to the refusal of the court to strike out the testimony of Wilding are not well taken. The evidence was properly received.

*By the Court.*—The order appealed from is reversed, and the cause remanded to the circuit court with direction to affirm the judgment of the civil court.