J. L. OWENS COMPANY, Appellant, vs. WHITCOMB, Respondent.

*November 16, 1916—February 13, 1917.*

*Sales: Acceptance: Retention of machine beyond reasonable time for testing: Findings of fact: Evidence: Sufficiency.*

1. One purchasing a machine has a reasonable time and no more in which to test it, and retention after such period is deemed an acceptance sufficient to bind him for the purchase price.
2. In an action for the purchase price of a grain separator which was sold under a contract guaranteeing it to be satisfactory to defendant and was installed and used in his mill while he was in California, a finding of the trial court to the effect that plaintiff agreed that the approval or disapproval of the machine might await the return of the defendant is *held* to be without support in the evidence.
3. The use of such separator from March 20th to May 1st, when it might have been tested in a few hours, constituted an acceptance under the rule above stated and under sec. 1684t—48, Stats.
4. A claim by defendant of $15 for services of a millwright in in-

stalling and repairing the separator was improperly allowed by the trial court, it appearing that the millwright's bill included other work, so that there was no satisfactory basis for allowing more than $5 which plaintiff had previously allowed defendant for work done in installing the machine.

APPEAL from a judgment of the circuit court for Pierce county: GEORGE THOMPSON, Circuit Judge. *Reversed.*

The appeal is from a judgment in favor of defendant.

Defendant owns and operates an elevator at River Falls, Wisconsin. The plaintiff manufactures and sells fanning mills, and by correspondence in February, 1915, a contract was made between them for the purchase by defendant of a separator, which, if it did the work specified in the correspondence and was satisfactory to him, was to cost $425. The contract required that the cleaner should do the work at the rate approximately of 200 bushels per hour, and in separating wheat and oats to leave no wheat in the oats and only one half of one per cent. of oats in the wheat cleaned. The machine was to be installed by the plaintiff.

It is conceded that the machine as installed would not separate as cleanly as mentioned in the contract if it was kept up to the speed required to clean the 200 bushels per hour.

The machine arrived at River Falls about March 2d, was set up and run a few days, and then a Mr. Owens, connected with the plaintiff, came on March 20th. The defendant was in California at this time, and one Nebel was in charge of the mill and had authority to deal with the plaintiff with reference to this machine.

At this time Nebel stated that he was not satisfied with the machine, it failing to comply with the guaranty, and that he would not pay for it until he heard from defendant, and that he expected defendant home at the end of April and wished the plaintiff would wait until he came. Owens testified that he would not agree to wait until defendant did return, but would draw a draft upon defendant in such form

that Nebel would have time to write to the defendant about the situation. Nebel did write to defendant, who responded by telegram from California on April 6th, saying: "From your letter cleaner does not perform as agreed. Would not pay but both wire and write Owens I will return April 30th will then take up the matter with them." There is some dispute in the evidence as to whether Nebel communicated this fact to plaintiff by long-distance telephone. It is conceded that he did not write or telegraph after receiving defendant's telegram. March 29th the plaintiff wrote to Nebel, referring to telephone conversation had with defendant and insisting that ample time had elapsed for him to communicate with defendant, and stating that pursuant to the telephone conversation plaintiff would draw a ten-day draft for the amount, deducting $5 claimed by defendant for expense in installing the machine. This draft was not paid and no further attention was paid to this matter by defendant or Nebel. The machine was kept in operation until the return of *Whitcomb,* who then wrote on May 1st to the plaintiff insisting that the machine did not do the work expected, that it must be taken out and the old separator installed according to agreement. The machine was not difficult to install or operate and could be tested in a few hours.

At the close of the testimony each party moved for a directed verdict and the court thereupon made his findings of fact, in which, among others, he found that on the 20th day of March the plaintiff consented and agreed that the approval or disapproval of said cleaner might await the return of the defendant, *Whitcomb,* from California. Upon the findings the court directed judgment dismissing the plaintiff's complaint and giving defendant judgment on his counterclaim in the sum of $15 with costs and disbursements, and from such judgment appeal is taken.

*W. G. Haddow* of Ellsworth and *Francis B. Hart* of Minneapolis, Minnesota, for the appellant.

For the respondent there was a brief by *White & Skogmo* of River Falls and *E. H. Whitcomb* of Madison, and oral argument by *Mr. Whitcomb* and *Mr. F. M. White.*

The following opinion was filed December 5, 1916:

ESCHWEILER, J.    Unless the finding to the effect that at the time the plaintiff's representative was in River Falls on March 20th it was thereupon agreed that the approval or disapproval of the machine might await the return of the defendant from California has support in the evidence, the case must be disposed of under the rule that a person purchasing such a machine has a reasonable time and no more in which to test the same, and retention after such period is deemed an acceptance sufficient to bind the person so retaining it for the purchase price.

An examination of the testimony discloses that such finding must be supported, if supported at all, upon the testimony of one Finn, who was employed from time to time by the defendant about the elevator.    He said he overheard a conversation between Nebel and Owens, and that Nebel said that he either would not accept the machine or Mr. Owens must wait until defendant came home, and that Mr. Owens said in reply that he would wait until defendant came. Owens positively denies any such agreement, and Nebel, who was admittedly in charge for the defendant, does not himself so testify, his version of the conversation being that he told Owens that he was not satisfied enough with the machine to pay for it and he would have to wait until he could communicate with defendant, and that Owens agreed to do so, and that Nebel did write to *Whitcomb* and received the telegram given above.    The facts and circumstances also clearly indicate that Finn's version of the conversation was a mistake.    The fact that Nebel did write to the defendant and the tone of the telegram from defendant indicate very clearly that Nebel and *Whitcomb* did not understand that there was

any definite agreement to wait.    We must therefore hold that there is not evidence to support such finding and it must be set aside.

From March 20th on, the machine was used by defendant in its operations in the mill.    Such use for that length of time was unnecessary for any reasonable test to be made of the same and must, under the repeated decisions of this court, be considered an acceptance.    *Hiltgen v. Biever,* 162 Wis. 315, 156 N. W. 132; *Kelsey v. J. W. Ringrose N. Co.* 152 Wis. 499, 140 N. W. 66; *Fox v. Wilkinson,* 133 Wis. 337, 113 N. W. 669; *Graf v. Laev,* 120 Wis. 177, 97 N. W. 898; *Palmer v. Banfield,* 86 Wis. 441, 56 N. W. 1090; *Cream City G. Co. v. Friedlander,* 84 Wis. 53, 54 N. W. 28; *Boothby v. Scales,* 27 Wis. 626.

The rule of these cases is now embodied in sec. 1684*t*—48, Stats.

The defendant through Nebel claimed an allowance on this machine of $5 for work done in installing the same.    This was allowed by the plaintiff.    A further claim was made by defendant of $15 for services of a millwright in connection with the installing of the machine or repairing it, but under the testimony it appears that some of the services which the millwright rendered his bill for was for work about the elevator other than in connection with this plant, and there is no satisfactory basis, therefore, for an allowance of anything more than the $5.    The judgment should therefore be reversed.

*By the Court.*—The judgment of the circuit court is reversed, and the cause remanded with directions to enter judgment in favor of plaintiff in the sum of $420 with interest and costs.

A motion for a rehearing was denied, with $25 costs, on February 13, 1917.