J. B. Bradford Piano Company, Appellant, vs. Baal, Respondent.

*October 2—October 23, 1917.*

*Sales: Acceptance: Breach of warranty: Waiver of right to rescind: Reasonable time: Questions for jury.*

1. The buyer of a player piano in January, who learned in April that the action of the keys was not in accordance with an alleged oral warranty, but did not notify the seller thereof or offer to return the instrument until July, and in the meantime paid instalments on the purchase price, thereby accepted the piano and waived any right to rescind the contract on the ground of the breach of said warranty.

2. As a matter of law in such case the offer to return was not made within a reasonable time.

Appeal from a judgment of the circuit court for Milwaukee county: W. B. Quinlan, Judge.    *Reversed.*

January 22, 1914, a written contract was made between the parties for the sale to defendant of a player piano, delivered the following day. The defendant was permitted to give testimony tending to prove that at the time of the sale, and without its being expressed in the written contract, plaintiff warranted said piano as fit and suitable for use for hand playing and warranted the action of the keys of the piano to be as easy as those on any other piano.

March 22d defendant's wife commenced to take instructions under a music teacher and continued such instructions weekly thereafter and to use the piano. She found difficulty in the action of the keys of the instrument, and this was ultimately determined to be caused from their requiring more pressure than required on some other pianos in order to produce satisfactory results.

According to defendant's testimony he first learned that the action of the piano was difficult and not in accordance with his claim of warranty in the month of April, and then thought there was something wrong with it; that in the last week of June he ascertained that it was entirely not what it was warranted to be, and that this was learned from the music teacher who had been giving defendant's wife lessons since March 22d, and who, it appeared, knew of such defects all that time.

On July 2d or 3d defendant for the first time notified the plaintiff company of the trouble and that he would make no further payments, and demanded that the piano be taken back. A similar interview was had about a week later, and on September 28th a letter was written by defendant to plaintiff again insisting on the return of the piano.

Upon plaintiff commencing suit for the four instalments of $15 each then due under the contract price, defendant counterclaimed for the instalments which he had paid—$15 each on January 23, February 20, March 20, April 17, May 21, and June 8, 1914.

The jury returned a verdict for the defendant for the $90 paid and interest, on which verdict, after motions by the respective parties, judgment was directed by the court in favor of defendant, from which judgment appeal was taken.

For the appellant the cause was submitted on the brief of *Julius O. Roehl* of Milwaukee.

For the respondent there was a brief by *Curtis & Mock* of Milwaukee, and oral argument by *H. K. Curtis.*

ESCHWEILER, J.    Conceding, for the purposes of this appeal, that the court was warranted in submitting the question to the jury as to whether or not there was an oral warranty as to the fitness of this piano given at the time of the written contract of sale, yet the retention and use of the piano from some time in April and the payments made intermediate that date and the first of July, when the first complaint or objection was brought to the notice of the plaintiff, brought the situation of the parties outside of the realm within which a jury may determine what is and what is not a reasonable time.    By what defendant admittedly knew of the difficulty with the piano in the month of April he was placed in a situation that required him to act promptly, he then having all the facilities for ascertaining the facts that he could have, it needing but the questioning at that time of the same instructor in music from whom he learned definitely in the month of June of these defects.    There was, therefore, by his failure to act promptly in April, his delay until the month of July in bringing home to the plaintiff the defects in the piano, and his payments on account, an acceptance of the same with whatever faults and imperfections it may have had, as a matter of law, and an absolute waiver of any right on his part to rescind the contract on any such grounds.

This court has held from as early as the cases of *Boothby v. Scales,* 27 Wis. 626, and *Paige v. McMillan,* 41 Wis. 337, 341, that upon a breach of warranty a purchaser is entitled

to rescind the contract and may return or offer to return the goods, yet that this must be done within a reasonable time; and although it may, in some instances, be a question of fact for the jury to determine whether or not the offer to return was made within a reasonable time, yet cases may and do arise where the court must say, as matter of law, that it came too late and therefore exclude consideration of such question by the jury. *J. L. Owens Co. v. Whitcomb,* 165 Wis. 92, 160 N. W. 161, and cases there cited.

The duty to return promptly has been declared as the legislative policy also (sec. 1684*t*—48, Stats.), wherein it is provided that a buyer is deemed to have accepted the goods when, after the lapse of a reasonable time, he retains the goods without intimating to the seller that he has rejected them.

The defendant, therefore, having failed to comply with the duty required of him, there was in any event no proper support for his counterclaim and judgment should have gone for the plaintiff.

*By the Court.*—The judgment of the circuit court is reversed, with costs, and the cause remanded with directions to enter judgment for the plaintiff for the four months' instalments of $15 each, with interest thereon.