Knobel v. J. Bartel Co. 176 Wis. 393.

---

KNOBEL and another, Respondents, vs. J. BARTEL COMPANY, Appellant.

*February 8—March 14, 1922.*

*Sales: Defective goods: Reasonable time for rejection: Acceptance: Retention without objection: Acts of ownership: Question for jury: Local custom.*

1. Under sec. 1684t—47, Stats., entitling a buyer to a reasonable opportunity for ascertaining whether goods sold are in conformity with the contract, and sec. 1684t—48, providing that the buyer is deemed to have accepted the goods when, after the lapse of a reasonable time, he retains them without intimating that he has rejected them, where defects in plush coats purchased by defendant could have been easily discovered without close inspection and were noticed when the coats were unpacked by persons having experience in handling such goods, the absence from the buyer's store of the head of the department, who had more experience in examining goods, was not sufficient excuse for their retention for twenty-five days without objection.

2. Where the defects were obvious and noticed when the coats were unpacked, but the buyer attached its regular store tags, hung them up in the store, and attempted to remedy the defects by a steaming process, its manner of dealing with

the goods was inconsistent with the ownership of the seller within sec. 1684t—48, Stats., relative to acceptance.

3. What is a reasonable time for acceptance of goods by a buyer is usually a question for the jury, but the goods may be retained for so long a time without objection that a court can say as a matter of law that they have been accepted.

4. In an action for the price of goods sold to a dealer with a counterclaim for defects involving the question whether they were accepted, evidence of a custom in the city where the buyer had its store as to unpacking goods to prevent disfigurement and crushing, and as to the time when the retail trade in such goods commenced, was properly excluded in the absence of evidence or of an offer to show that the seller knew of it or that it was so well established, uniform, and notorious that the parties must be presumed to have known it and to have contracted in reference to it.

5. Where the defects in the coats were obvious and noticed by the buyer within twenty-four hours after delivery, whether twenty-five days was a reasonable time for the inspection and return of the goods was the ultimate question to be determined by the jury or the court and was not a proper subject for expert testimony.

6. Under sec. 1684t—49, Stats., providing that if, after acceptance of goods, a buyer fails to give notice of the breach of any promise or warranty within a reasonable time after he knew or ought to have known of the breach, the seller will not be liable, the reasonable time within which a buyer was required to make a claim for damages commenced to run when it knew or ought to have known of defects in the goods.

APPEAL from a judgment of the circuit court for La Crosse county: E. C. HIGBEE, Circuit Judge. *Affirmed.*

In April, 1920, defendant gave plaintiffs a written order for ladies' plush coats to be shipped from plaintiffs' factory in New York City about August 15th, the total price being $2,174.75. The order was accepted; the goods were shipped on August 12th and reached defendant's store in La Crosse August 17th.

By mistake two or three extra garments, not ordered, were included. When the goods came, the head of the department, Miss McGuinn, was ill in the hospital and she did not return until September 11th. After the goods

came they were unpacked and hung up. When they were unpacked the president of defendant and two clerks were present and there was full opportunity to see the defects, if any. One of the clerks, Mrs. Cole, had had ten years' experience in handling and selling plush coats. She then saw the defects and spoke of them.

On August 18th the secretary of defendant checked the coats with the invoice, attached the regular store tags giving cost and selling price to each garment, and hung them up in the store. She also noticed at that time the defects. On the same day she wrote to plaintiffs acknowledging receipt of the coats and asked reduction in price because, she claimed, there had been a decline in the market price. There was no objection in the letter to the quality or the quantity of the goods. On August 24th plaintiffs replied declining to make the reduction.

The defects complained of were that the garments were streaked, had creases, and were matted, that is, that the fiber was pressed down. Defendant used a steaming process trying to remedy the matted condition, but was not successful. It is claimed by defendant that there was no adequate examination of the goods until the return from the hospital of Miss McGuinn, and that she was the only person who, by the course of business, was charged with the duty of making the examination. On September 11th the defective garments and the three extra coats were returned to plaintiffs with a check for $1,783.75, being for the amount defendant admitted to be in good condition. Plaintiffs refused to accept this amount.

The court submitted a special verdict on defendant's counterclaim for defective goods. The jury found that there were defects and that the goods were depreciated to the amount of $196.81, but that defendant did not make a claim for damages within a reasonable time after it knew or ought to have known of the defects.

By stipulation the goods were returned to defendant and

the action was brought to recover for the stipulated price, including that of the extra garments. Judgment was entered for the price of the goods in the hands of defendant, without deduction of the $196.81, and for the amount of the claim.

For the appellant there was a brief by *Cowie & Hale* of La Crosse, and oral argument by *Quincy H. Hale.*

For the respondents there was a brief by *McConnell & Schweizer* of La Crosse, and oral argument by *J. E. McConnell.*

JONES, J. It is the first assignment of error that the court held as a matter of law that the buyer accepted the goods by holding them twenty-five days without notifying the seller that the goods were rejected, and in directing a verdict for plaintiffs.

Where goods are delivered to the buyer which he has not previously examined, he is not deemed to have accepted them unless he has had a reasonable opportunity for examining them for the purpose of ascertaining whether they are in conformity with the contract. Sec. 1684t—47, Stats. By sec. 1684t—48, Stats., it is provided:

"The buyer is deemed to have accepted the goods when he intimates to the seller that he has accepted them, or when the goods have been delivered to him, and he does any act in relation to them which is inconsistent with the ownership of the seller, or when, after the lapse of a reasonable time, he retains the goods without intimating to the seller that he has rejected them."

The court based his ruling that there had been an acceptance on the grounds, first, that the action of defendant was inconsistent with the ownership of the goods by the plaintiffs, and second, that it delayed for an unreasonable time in giving notice of the refusal to accept.

It was undisputed that the defects claimed were of such a nature that they could be easily discovered without very

close inspection, and that they were noticed when unpacked by persons having experience in handling such goods. Defendant not only made no objection to the quantity or quality of the goods for twenty-five days, but did promptly object on other grounds which were not tenable. Under such circumstances, the absence from the store of another person who may have had more experience in examining goods did not afford sufficient excuse for the retention of the goods for so long a period without objection. We also agree with the trial judge that the manner of dealing with the goods was inconsistent with the ownership of the seller.

It is true that what is a reasonable time for acceptance is usually a question for the jury, but the time may be so long that a court can and should say as a matter of law that the acceptance has been made. *J. L. Owens Co. v. Whitcomb*, 165 Wis. 92, 160 N. W. 161; *J. B. Bradford P. Co. v. Baal*, 166 Wis. 134, 164 N. W. 822; *Fort Wayne P. Co. v. Hurley-Reilly Co.* 163 Wis. 179, 157 N. W. 773; *Hiltgen v. Biever*, 162 Wis. 315, 156 N. W. 132; *Kelsey v. J. W. Ringrose N. Co.* 152 Wis. 499, 140 N. W. 66; *Northfield Nat. Bank v. Arndt*, 132 Wis. 383, 112 N. W. 451. In most of the cases which have arisen in this state the sales were of machinery or articles where time might be necessary for making tests. For still stronger reasons the rule declared in such cases should apply in the instant case where the defects were plainly in sight.

The defendant's counsel made the following offer:

"The defendant offers to prove by the witnesses Mrs. Cole, Miss Bartel, and Mr. Pruess that each of these witnesses is engaged in the business of buying, selling, and dealing in ready-to-wear cloaks, such as are described in the pleadings herein, and are familiar with the customs of the trade in the city of La Crosse; that it is the custom, and was such custom on the 17th day of August, 1920, to purchase such goods in the market in the spring of the year for delivery in the early fall, and that it was also the custom, when such goods were delivered, to unpack them to

prevent disfigurement and crushing of the goods, and to hang them on racks and in bins, and that the retail trade in such garments did not commence until the latter part of October."

It will be observed that this was an offer to prove a local custom or trade in the city of La Crosse. There was no offer to prove that the custom was known to the plaintiffs or other dealers outside the city or in distant states. We have statutes which determine the rights and duties of parties in sales of this character, and the terms of the statute should not be lightly set aside. Before evidence of such a custom as may be inconsistent with the statute is received there should at least be compliance with the general rules which govern the admission of testimony to establish the custom or usage. In speaking of an alleged custom it was said in an early case:

"It is not readily adopted by courts, and the proof of such usage must be clear and explicit, and the usage so well established, uniform, and so notorious that the parties must be presumed to know it, and to have contracted in reference to it." *Power v. Kane,* 5 Wis. 265, 268; *Lemke v. Hage,* 142 Wis. 178, 181, 125 N. W. 440; *Brunnell v. Hudson S. M. Co.* 86 Wis. 587, 57 N. W. 364; *Hinton v. Coleman,* 45 Wis. 165.

The offer was also made to prove by experts that twenty-five days was a reasonable time for the inspection and return of the goods. This was the ultimate question to be determined by the jury or the court, and under the circumstances was not a proper subject for expert testimony. It required no expert knowledge to determine whether twenty-five days was a reasonable time to hold goods without making objection when the defects claimed were obvious and known within twenty-four hours. *Hamann v. Milwaukee B. Co.* 127 Wis. 550, 565, 106 N. W. 1081; *Olwell v. Skobis,* 126 Wis. 308, 105 N. W. 777; *Johnson v. Highland,* 124 Wis. 597, 102 N. W. 1085; *Lounsbury v. Davis,* 124

Wis. 432, 102 N. W. 941.   This case does not come within that class where opinion evidence as to the ultimate fact may be given by experts in regard to matters of science, art, or skill in some particular calling when based upon a hypothetical question made up of facts beyond dispute; being the class of cases mentioned in *Benson v. Superior Mfg. Co.* 147 Wis. 20, 132 N. W. 633.

Defendant's counsel assign as error the submission to the jury of the question whether defendant made claim for damages within a reasonable time after it knew or ought to have known of the defects.   By the terms of the statute, "if, after acceptance of the goods, the buyer fails to give notice to the seller of the breach of any promise or warranty within a reasonable time after the buyer knows, or ought to know, of such breach, the seller shall not be liable therefor."   Sec. 1684*t*—49, Stats.

It is urged that by the terms of the statute the buyer has a reasonable time after "acceptance" to present his claim for damages, not merely a reasonable time after "delivery." This is undoubtedly true; but the trial judge held that the reasonable time within which defendant was required to make claim for damages commenced to run when it knew or ought to have known of the defects complained of.   The proof evidently satisfied the jury and the trial court that the defects were known to defendant within a very short time after August 17th, and that to wait until September 11th was an unreasonable delay.   This court had under consideration the statute now relied on by appellant in *Chess & Wymond Co. v. La Crosse B. Co.* 173 Wis. 382, 181 N. W. 313, and it tends to support the view taken by the trial court, with which we agree.

*By the Court.*—Judgment affirmed.