ADVANCE-RUMELY THRESHER COMPANY, INC., Appellant, vs. BORN, Respondent.

*December 11, 1925—March 9, 1926.*

*Sales: Breach of warranty: Use of goods after discovery of defect: Notice to buyer: Waiver of right to rescind: Alternative claim for damages: Evidence: Sufficiency: Prima facie proof of agency: Mechanic coming to repair goods sold.*

1. The buyer of a tractor under a warranty in writing, for use with a threshing outfit, disposed of two small jobs after he had knowledge of defects therein and after his right to, a rescission of the contract of sale was complete. *Held,* that a finding of the jury that he did not accept the tractor and waive his right to a rescission is sustained by the evidence. p. 316.
2. Although the buyer, in notifying the seller of defects in the tractor, did not comply with the contract of warranty by sending a registered letter or a telegram, the seller, who acted on the notice sent and who knew the machine did not operate properly, cannot claim the benefit of the buyer's failure to comply with the contract. p. 316.
3. The tractor, when received by the buyer, not operating properly, and the contract of sale requiring the seller to deliver one which would, the seller was chargeable with notice of the defects from the beginning. p. 316.
4. The seller having refused to consent to a rescission of the contract, the buyer, under the circumstances in this case, was not required to determine the exact ground of the seller's liability, but might ask a rescission and claim damages for a breach of warranty in the alternative, since the assertion of one claim did not waive the right to the other until there was satisfaction or final determination. p. 317.

5. Even if it be conceded that a mechanic who attempted to repair the tractor was not the agent of the seller, the evidence is *held*, nevertheless, sufficient to support a verdict for the buyer. p. 317.

6. Evidence that a mechanic had appeared in response to the buyer's notice of defects, accompanied by the seller's local agent, and did the work required of the seller by the contract, that he acted in no other capacity than as the seller's agent, and that his acts were never disaffirmed, disclosed circumstances sufficient to sustain an inference that the mechanic was the seller's agent. p. 318.

APPEAL from a judgment of the circuit court for Shawano county: EDGAR V. WERNER, Circuit Judge. *Affirmed.*

Replevin. This is an action to recover the possession of certain personal property described in a chattel mortgage given by the defendant to the plaintiff company to secure the payment of five promissory notes dated August 23, 1922. Two of the notes having become due and unpaid, the plaintiff demanded possession of the property. The demand was refused and this action was begun. The defendant admitted the allegations of the complaint, and by way of counterclaim alleged that the plaintiff agreed to furnish to the defendant, one Henry Konkel, William Rades, and Fred Born a complete threshing equipment, and that as a part of such transaction on the 8th day of July, 1922, sold to said persons named one oil-pull tractor to constitute a part of the equipment; that said tractor was sold by the plaintiff with knowledge that the same was purchased to furnish power for the operation of a threshing outfit; that the plaintiff warranted said tractor in writing to be capable of doing as good work as any other machine of the same rate of capacity, working under like conditions, and that the rate capacity of such machine was sixty horse power, and by a separate instrument warranted that said oil-pull tractor would burn successfully all grades of kerosene permitted by law to be sold in the United States and Canada, under all conditions,

at all loads up to its rated brake horse power. There was further set out considerable evidentiary matter with allegations to the effect that the tractor did not comply with the warranty; that the defendant notified the plaintiff of the failure of the tractor to work; that the plaintiff undertook to repair it and put it in order; that finally, it becoming apparent to the defendant that plaintiff could not put it in running condition, the defendant offered to return the tractor and rescind the contract, but plaintiff refused to accept return. Defendant had demanded the return of the sum of $2,500, the purchase price of the tractor, which had been paid, and the defendant *Born* further alleged that all the rights of his co-purchasers had been assigned to him and sought recovery of the amount of the purchase price.

The defendant for a further counterclaim alleged: "That without waiving its right to a rescission if it should be determined by the court that because of any omission on the part of the defendant that his right to rescind has been lost, that he then recover judgment for damages for the breach of warranty alleged in the first counterclaim;" and incorporated the allegations of the first counterclaim in the second by reference, and alleged that by reason of the failure of the tractor to comply with the warranty it was worthless; and further alleged that because of the failure of the tractor to work the defendant had lost the opportunity to do many threshing jobs, to his damage in the sum of $2,500. The prayer for relief was as follows:

"Defendant demands judgment that the plaintiff's complaint be dismissed with costs, and that the amount due from the defendant to the plaintiff be deducted from the amount due from the plaintiff to the defendant, and that the defendant recover judgment for the balance.

"Second. That in the event that the defendant is required to rely upon his claim for damages, that the amount due from the plaintiff be deducted from the amount of damages

found due from the plaintiff to the defendant, and the defendant recover judgment for the balance, besides the costs and disbursements of the action."

Plaintiff replied to the counterclaim, set out the written guaranty in full, denied that the tractor failed to comply with the warranty. There was a jury trial, and in response to a special verdict the jury found (1st) that the tractor failed to comply with the plaintiff's warranty; (2d) that the plaintiff's mechanical expert M. W. Allen failed to put the tractor in proper condition; (3d) that plaintiff's mechanical expert Andrew Reed failed to put the tractor in proper condition; (4th) that the defendant rendered necessary and friendly aid to the mechanical expert Andrew Reed; (5th) that the defendant gave notice to the plaintiff within a reasonable time after he knew or ought to have known that the tractor did not comply with the warranty; (6th) that the defendant notified plaintiff within a reasonable time of his election to rescind the contract for breach of warranty; (7th) that the defendant, his co-owners, and employees operated the tractor in accordance with instructions given by plaintiff company in a manner consistent with reasonable care and prudence under all the circumstances; (8th) that the defendant did not, under all the circumstances, accept the tractor and waive the right to any test made of the tractor under the terms of the warranty; (9th) that the plaintiff did not within a reasonable time, under all the circumstances, cause the tractor to be put in the condition called for by the warranty.

There was judgment for the defendant upon his counterclaim for the net balance of $2,107.20, from which the plaintiff appeals.

For the appellant there was a brief by *Schubring, Ryan, Clarke & Petersen* of Madison, and oral argument by *William Ryan*.

For the respondent there was a brief by *Winter & Winter* of Shawano, and oral argument by *P. J. Winter*.

The following opinion was filed January 12, 1926:

ROSENBERRY, J. The principal contentions of the plaintiff are grouped under four heads. It is contended that the defendant cannot recover (1st) because he accepted the tractor by using the same twenty-two and one-half days and by his use of the tractor for a period of about two weeks after he wrote the plaintiff company stating that he condemned the tractor and that he would not keep it; (2d) because he failed to give notice of the breach of warranty as required by the contract; (3d) because he failed to give the second notice required by the contract after plaintiff's mechanical expert Reed had visited the machine; (4th) because the evidence fails to show a breach of warranty; (5th) because the defendant's claim for damages is inconsistent with his right to rescind; and it is further claimed that the court erred in admitting testimony regarding the acts and declarations of one Dyer, there being no proof that he was the agent of the company.

The case was thoroughly and exhaustively argued here both in briefs and on oral argument. We shall not attempt to discuss all of the questions raised, but only the principal questions which seem to us decisive of the issues.

The most serious question is that raised by the claim of the plaintiff that the defendant has waived his right to rescind the contract of sale because of his continued use of the tractor with knowledge of the defects and that there was such user of the tractor as amounted in law to an acceptance. There is considerable evidence in the case that the tractor in question for some reason never operated properly. Plaintiff's representative Allen was on the ground to start the machine on August 17th. Allen remained upon the ground three or four days. The defendant requested him to remain longer as the tractor was not working properly. Allen assured him that it was new, that it could not under the circumstances be expected to work with entire satisfaction.

but that it would come out all right. The defendant on his own account procured Ed Rosenow, who had some training and experience. He was unable to adjust it. The contract of warranty provided that the purchaser should not be entitled "to rescind this contract unless—

"(A) Notice of the defect or breach, particularly describing the same and specifying the time of discovery thereof, is given by registered letter addressed to the vendor at its head office, posted within four days after such discovery.

"(B) Such defect or breach appears within ten days after the first use of the goods.

"(C) The vendor fails to remedy such defect or breach by substitution of parts or otherwise within a reasonable time after receipt of such notice, which substitution it shall have the right to make. . . .

"(9) Purchaser shall render necessary and friendly assistance to vendor in and about remedying the defect.

"(10) If vendor fails to remedy the defect, purchaser shall have the right immediately to return the defective goods or parts in as good condition as when received to the place from which they were received, and shall thereupon give vendor immediate notice (written) of such return by a registered letter addressed and mailed to vendor at its head office. . . .

"(12) Failure so to return the defective goods or to give the aforesaid notices shall be taken as conclusive evidence that the warranty is satisfied. . . .

"(15) And if a mechanical expert visits the machine and does not have it working properly, purchaser shall give immediate notice in writing or by prepaid telegram to vendor at its head office, stating specifically the failure or neglect complained of."

The defendant quite rightly argues that he was in no position, under the terms of the warranty, to rescind the contract until he had given the plaintiff further opportunity to remedy the defects. While the notices were not given in technical compliance with the terms of the warranty, they were acted upon by the plaintiff; the plaintiff never at any

time prior to the trial claimed that it was misled thereby or
that the notices given did not comply with the contract. Af-
ter the expert Dyer came upon the premises the tractor was
used to thresh two small jobs and was not thereafter oper-
ated because it could not be made to work. The plaintiff
relies upon sec. 121.48, Stats., Uniform Sales Act:

"The buyer is deemed to have accepted the goods when he
intimates to the seller that he has accepted them, or when
the goods have been delivered to him, and he does any act
in relation to them which is inconsistent with the owner-
ship of the seller, or when, after the lapse of a reasonable
time, he retains the goods without intimating to the seller
that he has rejected them."

Plaintiff contends that the use of the machine for twenty-
two and one-half days and to complete the two jobs brings
it within the rule of *Fox v. Wilkinson,* 133 Wis. 337, 113
N. W. 669. It was there held:

"When a purchaser has the right to subject the article to
trial, the mere use is, of course, ambiguous, for it may be
for the purposes of trial; but when the test is complete so
that the purchaser has to his satisfaction ascertained all that
trial can teach him and determined that the article does not
satisfy the contract, then that element of ambiguity is elimi-
nated in the construction of any subsequent acts of dominion
or use. After that, certainly any unnecessary application of
the article to his advantage and benefit would in honesty be
consistent only with a decision to become or continue
owner."

But it was also said:

"Doubtless there may be situations where some use of
an article after unsatisfactoriness is fully established is un-
avoidable to protect the purchaser from injury or serious
inconvenience resulting from the very predicament in which
he is thrown by making the trial, as, for example, one who
discovers defects in the trial drive of a horse and who
merely continues the use to return to the starting point. In
such case the continued use might well fail to evince any
intent to retain the article."

This rule has been applied in the following cases among others: *Buck v. Racine Boat Co.* 180 Wis. 245, 192 N. W. 998; *J. L. Owens Co. v. Whitcomb,* 165 Wis. 92, 160 N. W. 161; *J. B. Bradford Piano Co. v. Baal,* 166 Wis. 134, 164 N. W. 822.

The use made by the defendant of the tractor after his right of rescission was complete under the terms of his contract was to dispose of two small threshing jobs mainly for the benefit and convenience of his customers. It is apparent from the evidence that to have passed by these jobs and returned with another outfit would have entailed considerable expense, and under the circumstances the use of the tractor was from a practical standpoint necessary. The finding of the jury that the defendant did not, under all the circumstances, accept the tractor and waive the right of rescission, is amply sustained by the evidence. We are very much impressed, upon consideration of the whole record, with the fact that the defendant acted in the utmost good faith and that he was not looking for a pretext to avoid the terms of the contract and secure the use of a machine for nothing. While the defendant did not comply with the exact terms of his contract in respect to sending notice by registered mail or telegram, he did send notice upon which the plaintiff acted. In view of the fact that to the knowledge of the plaintiff the machine never did operate properly, the plaintiff is in no position to claim the benefit of any failure of the defendant to perform. Under the contract it was the duty of the plaintiff to deliver a machine which would operate properly, and until it had done that it was chargeable with notice of defects from the beginning. This is not a case where a machine was delivered which complied with the contract and afterward failed to operate properly. Its expert Allen who went there to start the machine and put it in order knew that the machine did not operate properly. He left it in the hope that it would. It apparently never did.

What we have said in regard to the first notice applies as well to the second.

Plaintiff further contends that the counterclaim of the defendant for damages is inconsistent with the right of rescission on the part of the defendant. In the second counterclaim the defendant claimed the right to damages for breach of warranty in the alternative. Within the rule laid down in *Astin v. C., M. & St. P. R. Co.* 143 Wis. 477, at 488 *et seq.* (128 N. W. 265), and cases cited, the defendant was not required to determine at his peril the exact ground of liability. The only advantage which the plaintiff could have derived from compelling the defendant to elect at the beginning of the trial was that he might have thereby compelled the defendant to stand upon a wrong theory. All the matters set out in the counterclaim arose out of the same transaction, related to one and the same thing. Until there is a satisfaction or final determination, the assertion of one claim does not, in the circumstances of this case, necessarily and permanently waive all right to the other. The defendant was clearly within his rights in asserting in the alternative his right to recover upon whichever theory should conform to the facts to be found by the jury. If it be conceded that the person Dyer who came there in company with Mr. Kuester, the local agent of the plaintiff company, was not an agent of the plaintiff, there is ample evidence to sustain the finding of the jury upon the decisive questions in the case. The court struck from the record the testimony relating to what Dyer said, and while the court did not in his instructions repeat the injunction to the jury to disregard the evidence, we think the caution which the court gave the jury at the time the evidence was stricken was sufficient.

It is by no means clear that there was not sufficient *prima facie* proof of Dyer's agency. It appears that the defendant notified the plaintiff of the failure of the machine to comply with the warranty; that in response to such notice Dyer

appeared,..claiming to act as agent of the plaintiff, he being accompanied by Mr. Kuester, the' plaintiff's local agent. Dyer then proceeded to adjust and repair the machine so as to make it comply with the warranty, which it was plaintiff's duty to do under the contract. Dyer acted for no one but plaintiff nor in any other capacity than as plaintiff's agent. The plaintiff at no time nor in any manner disaffirmed the acts of Dyer nor denied that Dyer was its agent. These circumstances are sufficient to sustain an inference that Dyer was in fact plaintiff's agent. 1 Mechem, Agency (2d ed.) § 268, and cases cited. See, also, *Bautz v. Adams,* 131 Wis. 152, 111 N. W. 69,·to the effect that agency may be established by circumstantial evidence.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, with $25 costs, on March 9, 1926.